## E. N. LAFERIERE v. A. H. RICHARDS.

Decided January 8, 1902.

**1.—Charge of Court—Domicile—Weight of Evidence.**

Where the issue was whether the decedent was domiciled in New Mexico or Texas at the time of his death, and there was evidence that he had voted in New Mexico, a charge that the word "resided," as used in a New Mexico statute, meant the same as "domiciled," and that under such statute a person could not vote in New Mexico unless domiciled there, was not objectionable as being on the weight of evidence or as giving undue prominence to the facts, since the term was of doubtful meaning and properly required definition.

**2.—Same—Undue Prominence.**

But a charge construing the statute of New Mexico as to the right of a person to vote out of his precinct gave undue prominence to the facts where the evidence on which it was based was merely impeaching in its character. (Held on rehearing not to afford ground for reversing the judgment.)

**3.—Same—Issue Raised—Inheritance.**

Where there was some evidence that decedent left a living wife, which, if true, would defeat the claim of plaintiffs as his heirs, the charge properly required the jury, before they could find for plaintiff, to find from a preponderance of the evidence that the decedent left no living wife.

**4.—Action by Heirs—Burden of Proof.**

Where an action for partition is brought by parties claiming to be heirs of the decedent, against an heir having possession of the property, the burden is on plaintiffs to prove their title.

Appeal from El Paso.　Tried below before Hon. J. M. Goggin.

*Millard Patterson, C. N. Buckler,* and *J. D. Bryan,* for appellant.

*Hawkins & Franklin* and *Turney & Burgess,* for appellee.

JAMES, CHIEF JUSTICE.—A. J. De Meules died in November, 1898, leaving certain turquoise and other personalty in El Paso, Texas. According to the laws of descent in New Mexico, if he left neither wife nor legitimate children surviving him, his father, who survived him, was entitled to all personalty, to the exclusion of the brothers and sisters. The law of Texas being different, gives rise to this suit. The issue was whether or not he resided in El Paso, Texas, or in New Mexico at the date of his death. Six of his brothers and sisters and one nephew brought this suit, alleging his residence to have been El Paso, Texas, claiming seven-nineteenths of the property, against A. H. Richards, who was in possession of the property, and against Germain De Meules,

his father, and against two other sisters, alleging that the father was entitled to nine-eighteenths, and each brother and sister one-eighteenth, and praying for partition.

Richards, guardian of the estate of the father, Germain De Meules, an habitual drunkard, was admitted as such to represent the interest of his ward. The two sisters, who were joined with Richards as defendants, by their pleading in effect admitted that the father was entitled to the property. We regard the position of the guardian in the case as that of the defendant. De Meules' mother was dead.

*Conclusions of Law.*—The first assignment is that "the verdict is against the great weight and preponderance of the evidence, as the evidence shows conclusively that at the time of his death A. J. De Meules was residing in El Paso, Texas, and regarded and claimed such place as his home." There is testimony to warrant the verdict.

The third assignment complains of the following paragraph of the charge: "The word 'resided' as used in section 1703 of the laws of the Territory of New Mexico, compiled in 1887 and introduced in evidence before us, is synonymous with and means the same as the word 'domiciled,' and under said article, to entitle a citizen of the United States to vote at election held in New Mexico, he must, at the time the election is held, have his domicile in said Territory." The term "domicile" as distinguished from "residence" was substantially explained in other paragraphs. The objection to the clause quoted is that "it was upon the weight of evidence, argumentative, and was calculated to lead the minds of the jury away from the main issue in the case, which was, what was the domicile of A. J. De Meules at the time of his death?" The New Mexico statute, section 1703, was properly in evidence, and provided among other qualifications that a voter must be a citizen of the United States and a resident of the Territory. The first part of the charge criticised was properly given in order to give the jury a correct understanding of the term "resident" as used in such statute, and to our minds the subsequent part of the clause does nothing more. It was necessary, in view of testimony that De Meules had voted in New Mexico, and in view of the statute which was in evidence defining the qualifications of voters in that territory, to have the jury correctly informed as to a term of doubtful meaning in such statute, otherwise it would be left to them to construe the law for themselves. They might otherwise have concluded that by "resident" the statute intended persons not really domiciled in the Territory, and only temporarily there without any fixed intentions. The charge, for this reason, was warranted. A charge can not be said to give undue prominence to facts, and therefore error, when it is necessary to give it in order to properly direct the jury. How would the jury have known what significance to give to the act of voting upon an issue of residence unless it knew what was required in that respect to constitute a voter? The court did not

comment on the evidence; and it did not state what effect the fact of voting was entitled or that it was entitled to any; and the charge generally abstains from assuming facts that were in issue.

In this connection may be noticed the seventeenth assignment which complains of the following charge given at defendant's request: "You are instructed that under the laws of the Territory of New Mexico, introduced in evidence before you, that any qualified voter (who is a citizen) who wishes for legal cause to vote in any precinct in the county in which he is qualified voter, can do so by procuring a certificate signed by the board of registration of his precinct, setting forth fully the causes which compel him to be absent from his own precinct and showing the precinct in which he desires to vote, and that therefore a qualified voter residing in the precinct in which Las Cruces is situated, could, by complying with such laws, legally vote in the precinct in which Alamogordo mentioned in the evidence, is situated."

It appears that on cross-examination of defendant's witness Espalin, who had testified that he lived at Las Cruces and had voted at Alamogordo at an election in 1898, plaintiffs elicited the fact that Alamogordo and Las Cruces were in different precincts. A law of the territory as stated in the above charge was in evidence, and the witness Espalin testified that he had procured a certificate which allowed him to vote at Alamogordo. The evidence drawn from this witness was impeaching in its character, and the statute just referred to was properly in evidence in connection with his testimony. But the statute was plain and intelligible to any mind and required no construction, and it was unnecessary to mention it in the charge. It was an isolated fact bearing upon an issue, and mentioning it in the charge had a tendency to emphasize it. The only justification for a charge singling out and mentioning an instrument or a law pertinent to a collateral issue would be in the fact that it differed from other testimony in requiring construction by the court.

The fifth, sixth, seventh, eighth, ninth, and tenth assignments are attacks on charges given. The fifth assignment presents no proposition except what is contained in the assignment itself, which is that it was error to require the jury to believe that De Meules had his principal place of residence in El Paso in order to find for plaintiff. As a proposition of law this feature of the charge was not erroneous. There is no effort made in the brief to show that it was erroneous for any special reason.

The sixth is that there was error in requiring the jury, before they could find for plaintiffs, to find from a preponderance of the evidence that De Meules had no living wife, and that he left no legitimate children, for the reason that no evidence was introduced tending to show that he had a wife or that he was ever married. There was some testimony tending to show he left a wife, but none that he ever had any children. The charge is certainly not subject to the objection that there

was no evidence whatever that he left a wife.   There was some evidence that he was never married, hence that he left no legitimate children. Suppose the jury believed that De Meules's domicile was El Paso, and that he left a wife, and no children, plaintiff under the law of Texas would not have been entitled to recover any of his personalty, as it would presumably be community.   But suppose they believed that his domicile was El Paso, and that he left no wife, still the jury were charged plaintiffs could not recover unless they further believed from a preponderance of the testimony that deceased left no legitimate children. The giving of such a charge, particularly as worded here, assumed that there was evidence from which it might be found there were such children, and its tendency was to lead the jury to consider such issue and to find against plaintiffs upon it alone.   Appellee contends that it was incumbent on plaintiffs to establish affirmatively all facts necessary to their title.   The testimony developed evidence of the existence of a wife, which if true would defeat plaintiffs' claim under the laws of Texas, as well as under the laws of New Mexico, and in view of this evidence the court properly required a finding that there was no surviving wife before allowing plaintiff to recover.   But the court should not have gone further in the absence of evidence and conditioned plaintiffs' recovery on the nonexistence of children.   There being no evidence that deceased was never married, there was some evidence that he had no legitimate children; beyond this the record is silent as to children and it would have been more proper for the court to have assumed the fact that he had none and so instructed the jury.   Hunnicutt v. State, 75 Texas, 242.

Under the seventh assignment, in what is called a statement, appellant seems to rely upon two points, neither of which is well taken.   We need notice but one of them, which is that in this paragraph of the charge the jury were authorized to find for the guardian without reference to whether or not De Meules left a wife or children.   The father by his guardian was defendant and was in possession of the property to which plaintiff asserted title.   If plaintiffs established no title they could not recover, and defendant's possession alone was sufficient to entitle him to judgment against them.   It was not necessary for defendant to negative said conditions.

The eighth, ninth, and tenth assignments in the brief are not sustained.   The charges they criticise are in our opinion correct.

The second, eleventh, twelfth, thirteenth, and fourteenth in the brief complain of charges refused.   In our opinion they were all substantially embraced in the court's charge.   We think also that there was no error in refusing the charge referred to in the fifteenth assignment.   From what the record shows in connection with the sixteenth and eighteenth assignment, the rulings complained of were not erroneous.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

The motion criticises what is stated in the original opinion under the sixth assignment. The assignment does not warrant our considering any possible defect in the charge in its reference to children. There is no separate proposition advanced by appellant under the assignment, and we can properly consider only what is stated in the assignment itself as a proposition. The only objection it makes to the charge is that there was no evidence whatever tending to show that deceased had a wife, or that he was ever married, and all the testimony showed him to have been a single man. We think there was evidence that he had a wife, and this conclusion of itself satisfies the only question the assignment raises, and therefore what else is said in the former opinion in connection with the assignment is withdrawn.

The motion further discusses what the former opinion states concerning the seventeenth assignment. We are not prepared to hold that this assignment furnishes good ground for reversing the judgment. Besides, the statute of New Mexico was an undisputed fact in evidence. It can hardly be held error for the trial court to state the uncontroverted facts upon an issue, unless it singles out certain uncontroverted facts to the exclusion of others, or unless it repeats it, or so mentions it as to give it undue prominence, or in some way comments on the fact. State v. Patterson, 68 Maine, 475. Such objections are not present, and we can see no valid reason why the court should be held to have erred in stating an undisputed fact.

The motion is granted, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.