G. B. BAKER v. W. P. HAMBLEN ET AL.

Decided January 15, 1908.

1.—Powers—Partition of Land.

A power of attorney which authorized the agent "to ask, demand, sue for and recover for us all lands in the State of Texas to which we are entitled by inheritance or purchase or otherwise, hereby giving our said attorney full power to make, execute and deliver deeds of conveyance or other instruments, and to do and perform any and all acts necessary to be done in and about the business as fully as we could do if we were personally present," included the power to make partition of and execute deeds to the land of his principal.

2.—Trespass to Try Title—Parol Partition.

Where joint owners of land, acting under a supposed power to partition the same, have agreed upon a partition which is in fact fair and equitable and have taken possession of their respective portions and made permanent and valuable improvements, a court of equity will not disturb the partition even though the power under which they acted was defective.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Brockman & Kahn* and *J. V. Meek,* for appellant.—An independent executor's powers in Texas being the same, without the aid of a court, as an administrator's powers with the aid of a court, Robert L. Foard, as independent executor, could not convey away lands belonging to the estate of Fannie A. D. Darden in payment of services to be rendered him by W. P. Hamblen. Teal v. Terrell, 48 Texas, 491-509; Barrett v. Henrietta National Bank, 78 Texas, 226; Bryan v. Craig, 64 Ark., 443; Estate of Page, 57 Cal., 241; 52 Am. St. Rep., 122 (note).

*A. R. & W. P. Hamblen* and *W. G. Sears,* for appellees.—It would seem that as the powers of attorney were given by appellant and the other heirs, to sue for and recover any lands they were entitled to by inheritance or purchase, and to deliver deeds of conveyance or other instruments, and to do and perform all acts necessary in and about the business as fully as we could do if we were personally present, that this was ample authority for the attorneys to partition. Martin v. Harris, 26 S. W. Rep., 91; Wilcoxson v. Howard, 62 S. W. Rep., 802; Wynne v. Parke, 89 Texas, 417; Smith v. Cantrel, 50 S. W. Rep., 1085; Jones v. Gibbs, 18 Texas Civ. App., 626.

As the uncontroverted evidence showed that the north half was of no greater, but of less, value than the south half, and that Judge Hamblen and his vendees had taken possession of the north half and improved it, the court properly set aside the north half to appellees. Arnold v. Cauble, 49 Texas, 527; Osborn v. Osborn, 62 Texas, 495; Thompson v. Jones, 77 Texas, 626; Camoron v. Thurmond, 56 Texas, 33; Massie v. Yates, 29 S. W. Rep., 1132; Lewis v. Sellick, 69 Texas, 383.

PLEASANTS, Chief Justice.—This is a suit of trespass to try title brought by appellant as an heir of Fannie Darden, deceased, for himself and the other heirs of said Fannie Darden, against appellees to recover a tract of 204 acres of land in the O. P. Kelton survey in Harris County.

The defendant W. P. Hamblen answered by general and special exceptions to plaintiff's petition and by plea of not guilty, and special pleas setting up title to the north one-half of the land sued for by limitation of five years, and also under a deed from Robert L. Foard, independent executor of the will of the said Fannie Darden, deceased. The other defendants who hold under the defendant W. P. Hamblen by their several answers adopted the answer of their co-defendant, W. P. Hamblen, and also pleaded title by limitation of five years to specific portions of the said north half of the land held by them and described in their respective answers.

The trial in the court below by a jury resulted in a verdict and judgment in favor of defendants for the north half of the tract of land in controversy and in favor of plaintiff for the remainder of said tract.

The first assignment of error complains of the ruling of the court in admitting in evidence the deed from Robert L. Foard, executor, to W. P. Hamblen to an undivided one-half of the land in controversy over plaintiff's objection that said executor was not authorized under the will of Fannie Darden to convey the land for the consideration recited in said deed. This question was decided adversely to appellant's contention upon a former appeal of this case, and we refer to the opinion of this court on that appeal, which is reported in 85 S. W. Rep., 467, for a statement of the evidence bearing upon this issue and our conclusions holding that the power to execute the deed for the consideration recited was conferred upon the executor by said will. We adhere to our former conclusion on this question, and the assignment is overruled.

Under his second assignment appellant assails the judgment on the ground that defendants failed to show any title to the land in controversy, and that even if the deed from the executor passed any title it only conveyed an undivided interest and defendants could not, under said deed, recover the north half of the land, there being no evidence of any partition of said land between defendants and the heirs of Fannie Darden. It follows from our conclusion that the deed by the executor was authorized by the will, that W. P. Hamblen acquired title under said deed to an undivided one-half of the land. The record shows that on November 27, 1896, J. O. Davis and D. F. Rowe, acting under powers of attorney from the heirs of Fannie Darden, agreed to a partition of the land with defendant W. P. Hamblen, and in pursuance of said agreement Hamblen conveyed to said heirs the south half of the land and received a deed from said attorneys conveying to him the north half. The powers of attorney under which Davis and Rowe acted in making this partition authorized them "to ask, demand, sue for and recover for us all lands in the State of Texas to which we are entitled by inheritance or purchase or otherwise, hereby giving our said attorney full power

to make, execute and deliver deeds of conveyance or other instruments, and to do and perform any and all acts necessary to be done in and about the business as fully as we could do if we were personally present." We think the powers conferred by these instruments included the power to make the partition and execute the partition deed. Martin v. Harris, 26 S. W. Rep., 91.

If there has been no agreed partition, or if the powers of attorney did not authorize the attorneys to make the partition, we think defendants, under the undisputed evidence, were entitled to recover the north half of the land. The evidence shows that if there was any difference in the value of the north and south half of the land the south half was the more valuable. The defendants having taken possession of the north half and placed improvements thereon would, in a suit for partition, be entitled to have that portion set apart to them when it is shown such partition would not be unfair to their co-tenants, and we can see no reason for requiring the appointment of commissioners to make this partition. We think under the facts shown by the undisputed evidence the court was authorized to adjudge defendants entitled to the north half of the land in controversy.

From these conclusions it follows that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.