BROOM et al. v. PEARSON et al. (No. 1854.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1917. Rehearing Denied Dec. 20, 1917.)

1. TRESPASS TO TRY TITLE ⬧38(1)—BURDEN TO PROVE INTEREST IN LAND.

In a suit of trespass to try title, the burden was on plaintiffs to prove the extent of their interest in the land, and, having failed, they have no right to complain that the interest awarded them was less than that owned by them.

2. PARTITION ⬧78—TENANCY IN COMMON—IMPROVEMENTS BY ONE TENANT.

In Texas, in effecting a partition of land owned in common by the parties, where one of them has improved a part, it is the rule to allot such part to him if possible without detriment to the interest of his cotenants.

3. PARTITION ⬧78—ALLOTMENT OF LAND IMPROVED TO COTENANT—PLEADING.

Where a tenant in common against whom partition was sought in his first supplemental answer set out in detail improvements which he had made on the land, and asked that the part of the land on which the improvements were situated be allotted to him, he brought himself within the rule that in effecting a partition of land owned in common, where one tenant has improved a part, that part will be allotted to him if possible without detriment to his cotenants.

4. PARTITION ⬧26—EFFECT OF IMPROVEMENTS BY COTENANT.

The right of a cotenant to possess and improve the land was neither destroyed nor suspended by the commencement of the other cotenants' suit for partition against him.

5. TENANCY IN COMMON ⬧28(1)—LIABILITY OF ONE COTENANT TO OTHER FOR USE AND OCCUPATION.

One tenant in common cannot recover against his cotenant on account of occupation and use of the premises by the latter.

6. TENANCY IN COMMON ⬧28(3)—LIABILITY OF ONE COTENANT TO OTHERS FOR USE AND OCCUPATION.

Where land had a rental value of $1,000, while a cotenant was in actual possession of a part and constructive possession of the remainder, the court properly refused to award the other cotenants recovery of any sum as rents, the rental value being due entirely to the improvements made by the cotenant in possession, the possession by the cotenant, his plea of not guilty, and his setting up of the statute of limitations as a bar to his cotenants' suit in trespass to try title not constituting an ouster of them rendering inapplicable the rule denying to tenants in common recovery against his cotenant on account of occupation and use by the latter of the premises.

Appeal from District Court, Rusk County; Daniel Walker, Judge.

Suit by Permelia Broom and others against John Pearson, to which P. J. O. Wood and W. H. Wood were made parties defendant. From the judgment, plaintiffs appeal. Judgment affirmed.

See, also, 81 S. W. 753; 98 Tex. 469, 85 S. W. 790; 86 S. W. 733; 180 S. W. 895.

This was a suit of trespass to try title and for damages (statutory in form), brought by Bertha Compton, Thomas Brown, and appellants Permelia Broom and her husband John Broom, George B. Compton, Minnie Lovelady and her husband Luther Lovelady, Thomas Compton, and Bird Compton, against appellee John Pearson. Bertha Compton died after the suit was commenced, leaving the other appellants, except the Brooms, as her only heirs. The land in controversy was described in the plaintiffs' petition, filed December 2, 1902, as 200 acres, more or less, of the Francis Hamilton survey in Rusk county. P. J. O. Wood and her husband, W. H. Wood, having conveyed the land to appellee and warranted the title, he made them parties, seeking to recover against them on their warranty in the event the title was found to be in the plaintiffs. The trial was to the court without a jury, and he made findings as follows: (1) That appellant Mrs. Broom as an heir of her half-brother J. D. Hamilton owned an undivided interest of 13/144 of the land; that the other appellants owned an undivided interest of 13/144 thereof; and that appellee owned the remaining 118/144, undivided, thereof. (2) That appellee, on February 20, 1900, believing in good faith that P. J. O. Wood and her husband, W. H. Wood, owned the entire tract, purchased same of them, paying them $527.60 in cash

therefor, and receiving of them their deed "with full warranty of title" conveying same. (3) That appellee afterwards, before this suit was commenced, in good faith and without any knowledge of a claim by appellants thereto, took actual possession of and made permanent improvements of the value of $350 on 50 acres of the land, and after this suit was instituted made further improvements of the value of $350 on said 50 acres. (4) That the land after said 50 acres was so improved to the date of the trial had a rental value of $1,000. (5) That said rental value was due solely to the improvements placed by appellee on the 50 acres, and that but for those improvements the land never had any rental value. (6) That appellants never improved nor offered to improve any part of the land. (7) That from the time they commenced the suit to the date of the trial appellants and their coplaintiffs claimed to own all the land, and that during that time appellee also claimed to own all of it. (8) That appellee never took actual possession of nor committed waste upon any of the land except the 50 acres referred to; that in clearing said 50 acres for cultivation appellee cut a part of the timber growing thereupon into cord wood, which he sold, realizing therefrom less than the cost of cutting and handling said timber. (9) That, apart from the amount received by appellee for the wood cut as stated, it was worth $8 per acre to clear the 50 acres for cultivation; that appellee fenced said 50 acres at an expense of $60, built a dwelling house worth $200 thereon, and made other improvements thereon—said improvements aggregating in value $700. (10) That the land was capable of partition between appellants and appellee so as to allot to the latter the 50 acres he had improved as stated.

The court concluded from the facts found by him:

(1) That appellee "should not be charged with any rents, and that when the land upon which his improvements are situated shall have been allotted to him there is nothing to be adjusted as to rents or improvements among the successful plaintiffs and the defendant Pearson."

(2) That appellants ought to recover of appellee 26/144 of the land described in their petition, exclusive of the value of the improvements thereon.

(3) That Thomas Davis ought not to recover anything.

On the findings made by him the court rendered judgment: (1) In appellants' favor for 26/144 and in appellee's favor for 118/144 of the land, and directed a partition thereof "according to quality, quantity and value, as if the whole was entirely unimproved, setting off to defendant John Pearson his 118/144 interest so as to include his improvements, but not charging him with the value of the improvements"; (2) in favor of appellee against W. H. Wood on his warranty for 26/144 of the $527.60 paid by the former for the land; and (3) that Thomas Brown take nothing by his suit.

Reports of former appeals of the case will be found in 81 S. W. 753; 98 Tex. 469, 85 S. W. 790; 86 S. W. 733; and 180 S. W. 895.

J. H. Turner, of Henderson, for appellants. John R. Arnold, of Henderson, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The contention made that appellants owned a 3/16 interest in the land and therefore that the court erred when he found that they owned only a 26/144 interest, must be overruled. The interest owned by appellants does not appear from the testimony forming a part of the record sent to this court. The burden was on them to prove the extent of their interest in the land; and, having failed to do so, they have no right to complain that the interest awarded to them was less than the interest they in fact owned. Leferiere v. Richards, 28 Tex. Civ. App. 63, 67 S. W. 125; 30 Cyc. 244.

[2-4] The contention made that the court erred in holding that, in the partition to be made of the land, appellee was entitled to have the part he had improved allotted to him, also must be overruled. It appeared from the testimony that the part of the land unimproved was equal in value per acre to the part improved by appellee, but for the improvements thereon, and that the part improved consisted of only 50 or 55 acres—much less in quantity that the court found appellee was entitled to. It is the rule in this state, in effecting a partition of land owned in common by the parties, where one of them has improved a part of the land, to allot same to him if it can be done without detriment to the interest of his cotenants. Broom v. Pearson, 180 S. W. 895; Taylor v. Taylor, 26 S. W. 889; Baker v. Hamblen, 48 Tex. Civ. App. 529, 107 S. W. 577; Ord v. Waller, 107 S. W. 1166; Holloway v. Hall, 151 S. W. 895. Appellants' insistence seems to be that the rule is not applicable to this case for two reasons. The first is that the pleadings on the part of appellee did not, they assert, authorize the court to grant appellee such relief. This insistence cannot be sustained, in view of the fact that appellee in his first supplemental answer set out in detail improvements which, he alleged, he had made on the land, and asked that the "part of same on which his improvements were situated" be allotted to him. It is next insisted in support of the complaint made that appellee was not entitled to such relief because it appeared that he had willfully disregarded appellants' rights by setting up the statute of limitations as a bar to a recovery by them of any of the land. The argument is that it therefore appeared that appellee had improved the land for the purpose of embarrassing appellants in the assertion of their rights. But the

court found, and we think there was evidence authorizing the finding, that appellee made the improvements in good faith, which, in effect, was finding that he did not make them for the purpose of embarrassing appellants in the assertion of rights they had in the land. The only evidence which it could be claimed was opposed to the court's finding was that showing that a part of the improvements on the land were placed there by appellee after this suit against him was commenced. We think the right in appellee as an owner in common with appellants of the land to possess and improve it was neither destroyed nor suspended by the commencement of appellants' suit against him; and therefore that the fact that he continued to make improvements on the land after the commencement of the suit was not inconsistent with an absence on his part of a purpose to thereby "embarrass" appellants in the assertion of rights they had, and did not, standing alone, show that to be his purpose. Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889; Spicer v. Henderson, 43 S. W. 27; Lynch v. Lynch, 130 S. W. 461. If it appeared that appellee was not an owner with appellants of the land, and that his right as a litigant depended solely upon the fact that he had in good faith made improvements thereon, appellants' insistence that, having placed the improvements on the land with notice of their claim thereto, appellee was not entitled to claim anything of them on account of same, would present a different question and would be more strongly supported by many of the authorities they cite than it is on the facts as they appear in the record before us.

[5, 6] The only other contention presented by the assignments which we will refer to is that, it appearing that the land had a rental value of $1,000, as found by the court, during the time appellee was in actual possession of a part and constructive possession of the remainder thereof, it was error to refuse to award appellants a recovery of any sum as rents, notwithstanding it further appeared that such rental value was due entirely to improvements made on the land by appellee. The insistence is that such possession by appellee, and his pleading "not guilty" and setting up the statute of limitations as a bar to their suit, constituted an ouster of appellants from the land, and that, therefore, the rule which denies to one tenant in common a right to recover against his cotenant on account of occupation and use by the latter of the premises (Akin v. Jefferson, 65 Tex. 137) did not apply to the case. In support of their insistence, appellants cite Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748; Stephens v. Hewitt, 77 S. W. 229; Duke v. Reed, 64 Tex. 716; and Stephens v. Taylor, 36 S. W. 1084. In neither of those cases did it appear, as it did in this one, that the land was without rental value except for improvements placed thereon by the respective defendants. Those cases therefore cannot be regarded as authority for saying the court erred in holding as he did in the particular stated on the facts of this case. The action of the court seems to be fully sustained by the ruling in Thompson v. Jones, 77 Tex. 626, 14 S. W. 222; Spicer v. Henderson, 43 S. W. 27; and Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889. The Jones Case was one of trespass to try title by Thompson. The defendants answered, as the appellee here did, by a plea of not guilty, and set up the statute of limitations and improvements made by him in good faith. The plaintiff replied that the statute of limitations and claim for improvements were not available as against her, because she was a minor. The judgment in the trial court was in her favor for one half the land for rents, and in favor of the defendant for the other half of the land. In disposing of the appeal, Judge Gaines said:

"We are clearly of opinion that defendants should not have been charged with rent of the land in this case until a demand for possession was made, and then not upon their improvements."

The judgment is affirmed.