**BROUGHTON et al. v. MILLIS et al.**

**No. 9880.**

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1933.

Rehearing Denied Jan. 11, 1934.

Gill, Jones & Tyler, of Houston, for appellants Mrs. Hattie C. Broughton, Mrs. Ella M. Young, and L. P. Lollar.

Fouts, Amerman, Patterson & Moore, of Houston, for appellant Houston Land & Trust Co.

Roberts & Orem, of Houston, for Elbert Roberts, guardian ad litem.

J. W. Lockett, of Houston, for appellee C. S. Settegast.

J. W. Lockett and James P. Markham, Jr., both of Houston, for appellees Mrs. Ella Millis and H. Lee Millis.

LANE, Justice.

John F. Markham and Sarah Frances Markham, the Markhams mentioned in the suits hereinafter mentioned, were married on the 24th day of October, 1888. They had no child. During their married relations they amassed a community estate of the value of $79,653.29. Sarah Frances Markham was adjudged of unsound mind on the 30th day of July, 1909, and she has been ever since said date of unsound mind and was at the time of the trial of said suits an inmate and patient of Greenwood's Sanitarium, one for the confinement and treatment of persons with mental disorders.

At the time of the trial of said suits Mrs. Markham was approximately seventy-two years of age. Her parents at the time these suits were tried were both dead. Mrs. Markham had no brothers or sisters.

John F. Markham died on the 25th day of June, 1928, and left a will of date February 11, 1927, with a codicil attached thereto of

date March 9, 1927. Said will and codicil in words and figures reads as follows:

"Feby. 11, 1927.

"This is to certify that at my death my property is to bee sold and my dets are Paid and the Ballance are to pay my wifes expence at Greenwoods Hospital except the Corner of Houston Avenue and Winter is to go to C. S. Settegst 100 x 110 feet and the Ballance to bee divided Beteen my too Sisters Hattie Broughton at Pensacolia florida and· Ella Young of Mobile Alabama. Miss Ethel Kent gets nothing off my Estate as She has broken Her promis.

"J. F. Markham.

"Mar. 9, 1927.

"This is to certify that J. F. Markham at His Death Wills to Mrs. Ella Millis 111 Preston St."

Such will and codicil was duly admitted to probate on the 22d day of November, 1928.

John F. Markham, from the time Mrs. Markham was adjudged a non compos mentis in July, 1909, up to the time he made his will on the 11th day of February, 1927, and up to the date of his death in 1928, managed and controlled said community estate of himself and wife just as if it was his own. During the eighteen years intervening between the date Mrs. Markham was confined in said sanitarium and the time John F. Markham made his will, and the time of his death, he (John F. Markham) provided for the care and treatment of his wife, Mrs. Markham. After the death of John F. Markham in 1928, to wit, on the 17th day of April, 1929, the Houston Land & Trust Company was duly appointed guardian of the estate of Mrs. Sarah Frances Markham, and duly qualified as such guardian; said company was also appointed administrator of the estate of John F. Markham, deceased, with his will annexed, and it duly qualified as such administrator.

The community estate of John F. Markham and his wife, Sarah Frances, at the time of the death of Mr. Markham and at the time of the trial of said suits, consisted of $8,153 in cash on deposit in banks, and five lots, parcels of tracts of land situated in Harris county, Tex., all of the value of $79,653.29. That certain tract of land devised to C. S. Settegast by the will of J. F. Markham described as the "corner of Houston Avenue and Winter, * * * 100x110 feet," and that certain tract devised to Mrs. Ella Millis by said will as "111 Preston St.," were parts of the property belonging to the community estate of John F. Markham and his wife, Sarah Frances. Said two tracts will hereinafter, for convenience, be referred to respectively as the Settegast tract and the Millis tract.

On the 19th day of February, 1930, Mrs. Ella Millis, joined by her husband, H. Lee Millis, filed this suit against Houston Land & Trust Company, as administrator of the estate of John F. Markham, deceased, and as guardian of the person and estate of Mrs. Sarah Frances Markham, non compos mentis, Mrs. Hattie C. Broughton, and Mrs. Ella M. Young. By plaintiffs' first amended petition, upon which trial was had, they sue in trespass to try title to·the Millis lot or tract of land, which is fully described by metes and bounds in said petition. They allege that since the institution of their suit the city of Houston has condemned, for street purposes, a part of the lot mentioned and paid therefor $5,227.54; that said sum of money so paid was paid to Houston Land & Trust Company, the guardian of the person and estate of Sarah Frances Markham, and also the administrator of the estate of John F. Markham, deceased; that as Mrs. Ella Millis was at the time of such condemnation the owner of the land so condemned, she is entitled to a recovery of said money so paid to the Houston Land & Trust Company to take the place of that part of her lot so condemned and taken.

Plaintiffs further alleged that John F. Markham, at the time he made his will, believed that the property so devised to Mrs. Ella Millis was his property and so treated the same, and assumed the full control and disposition thereof, and believed that because he was the head of the family and had the right to manage, control, and dispose of community property during his lifetime, that he also had the right to devise the same, and that because his wife had been adjudged of unsound mind and to be a non compos mentis that he was the absolute and unconditional owner of said property, and said John F. Markham undertook to and did devise the whole thereof and the entire title thereto to the plaintiff Ella Millis, and not merely a community half interest therein, but both halves thereof; that the same was devised to plaintiff Ella Millis in fee simple; that in and by his will the said John F. Markham provided and directed in substance and effect that all of his estate, except the hereinbefore described property devised to the plaintiff Ella Millis and one other piece of property on Houston avenue in block 280 of the W. R. Baker addition devised to C. S. Settegast, should be used to pay his wife's expenses at Greenwood's Hospital, a sanitarium for persons with mental disorders, and that the balance should be divided between his two sisters, Hattie Broughton of Pensacola, Fla., and Ella Young of Mobile, Ala.; that the estate of said John F. Markham, other than the real estate specifically devised to plaintiff Ella Millis and the one other piece on Houston avenue in block 280 of the Baker addition devised to C. S. Settegast, was at the time of making his will and at the time of his death, and now is, and ever since the date of said will has been, of the reasonable

value of more than $50,000, and of much greater value than the combined values of the one piece specifically devised to plaintiff Ella Millis and the one piece specifically devised to C. S. Settegast; that if said property so devised to the plaintiff Ella Millis was community estate of John F. Markham and Sarah Frances Markham, that the devise thereof by John F. Markham to the plaintiff Ella Millis was intended to be and was equivalent to a partition, and if not equivalent to a partition was equivalent to an instruction to the court and to the administrator to partition his estate, and that said will devised to Mrs. Sarah Frances Markham an estate of much greater value than the property so devised to plaintiff Ella Millis, and such will was equivalent to setting apart to the plaintiff Ella Millis the property so devised to her, and setting apart to Mrs. Sarah Frances Markham as her share of the community estate other property in lieu of her interest in that so devised to plaintiff Ella Millis, and of much greater value than the community interest, if any, of Mrs. Sarah Frances Markham in the property so devised to plaintiff Ella Millis; that if said will was not in and of itself a partition, nevertheless the testator devised to plaintiff Ella Millis the hereinbefore described property purporting and attempting to devise to her the entire title thereto in fee simple, and testator owned other property of greater value which can be set apart to Mrs. Sarah Frances Markham in lieu of her community interest in the property so devised to plaintiff Ella Millis; that if Mrs. Sarah Frances Markham had a community half interest in said property so devised to plaintiff Ella Millis, then John F. Markham by his will made an equitable partition thereof more than fair to Mrs. Sarah Frances Markham, and devised and bequeathed for her use and benefit other property of greater value than her community half interest in that devised to plaintiff Ella Millis, and by his will perfected an equitable partition, and took for his part of the community estate the property devised to plaintiff Ella Millis and at the same time set apart for Mrs. Sarah Frances Markham's part of the community estate other property of greater value, and such partition should now be confirmed by the court.

Plaintiffs further alleged that if in fact the property devised to Mrs. Ella Millis was the community estate of John F. Markham and his wife, Sarah Frances Markham, nevertheless John F. Markham believed the same to be his separate estate and treated the same as such and assumed the full control and disposition thereof, and undertook to and did devise to plaintiff Ella Millis the whole thereof and the entire title thereto, and not merely his community half interest therein.

Pleading in the alternative, the plaintiffs allege as follows: "And if the court should finally determine that plaintiff Ella Millis acquired only the community half interest of John F. Markham, and did not acquire in any manner the community half interest of Sarah Frances Markham, then and in such event, and only in such event and in the alternative, the plaintiffs aver that the plaintiff Ella Millis owns an undivided half interest in the aforesaid property, and that the defendants own the other undivided half interest therein, and that the property is susceptible of partition, and plaintiffs are entitled to partition thereof, but if the court determines that the same is not susceptible of partition, then plaintiffs are entitled to have the same sold for partition and the proceeds divided."

The other suit referred to at the beginning of the foregoing statement is one brought by C. S. Settegast to recover the title to and possession of the lot or tract of land devised to him by the will of J. F. Markham, deceased. The appeal from the judgment in such suit will be disposed of in another opinion.

In the suit of plaintiffs Millis, the Houston Land & Trust Company, guardian of the person and estate of Sarah Frances Markham, answered by general demurrer, general denial of the allegations of the plaintiffs' petition, and by specially alleging that Mrs. Sarah Frances Markham is hopelessly insane and that she is incapable of making any choice as to whether or not she will accept under the will of John F. Markham or under the statute. And answering further, it says:

"This defendant as Guardian of the person and estate of said Mrs. Sarah Frances Markham, non compos, denies that it is to her interest to elect and accept under the will of John F. Markham, deceased, so as to be assured beyond any doubt of comfortable care and support for the remainder of her life rather than to take the chance of not accepting under the will and then having insufficient estate to support her in her old age, and this defendant says the facts are that the said Mrs. Sarah Frances Markham in her own right and by provision in her mother's will has not then sufficient property and income to take care of her in comfort for the balance of her natural life, and that being insane, her life expectancy is short, and that a life estate in her husband's property, other than the property described in plaintiff's petition and the property undertaken to be willed to C. S. Settegast, would be of trifling value compared to the true value of her community half of the estate, to which she is entitled in law, and it denies that the County Court of Harris County, Texas, has authorized the Guardian to elect to take under the will.

"This defendant respectfully shows to the court that the County Court of Harris County, Texas, by an order duly entered of record,

has instructed and required this defendant as Guardian of the estate of Mrs. Sarah Frances Markham, non compos, to elect on behalf of said ward not to take under the will, but to receive her community interest in the estate, and that said County Court has already found that it would be to the interest of the estate for her not to take under the will, and this Guardian in accordance with said instructions here now pleads that in the event the Court should hold that the will of John F. Markham, deceased, puts his wife upon an election by the taking under the will and insisting on her interest in the community property, it here now, in the event of such holding, elects for said ward not to take under the will, but to insist upon her community interest in the property, and says that in no event did the said John F. Markham have the legal right to will away the entire property sued for in this cause.

"This defendant respectfully shows to the Court that the County Court of Harris County, Texas, has authorized and required that it by proper pleading seek a construction of the will of John F. Markham, deceased, and that the Court find whether or not said will places the insane wife upon an election by the accepting under the will or taking her community interest, and what the legal effect of the attempt made by decedent to create a trust in favor of his wife, and what was the legal effect as shown by the language of the instrument, and also to construe the will with reference to the effect of the election of the wife through her Guardian not to take under the will with respect to the taking effect of the remainder interest of Mrs. Hattie C. Broughton and Mrs. Ella Young.

"Wherefore, having fully answered, defendant, Houston Land & Trust Company, Guardian of the estate of Mrs. Sarah Frances Markham, non compos mentis, prays that the prayer of the plaintiff be in all things denied, and that it recover of and from the plaintiff the title and possession to the property herein sued for, and for general and special relief."

Houston Land & Trust Company, administrator of the estate of John F. Markham, deceased, adopted the answer of Houston Land & Trust Company, guardian of the person and estate of Sarah Frances Markham, in so far as the same is relevant to its defense in this suit.

Elbert Roberts, an attorney, having been duly appointed guardian 'ad litem for Mrs. Markham, answered by general denial, and specially denies that John F. Markham undertook by a devise in his will to effect a partition with his wife, and that had he attempted so to do, such effort would be without result, effect, or validity; that he denies that it is to the interest of Mrs. Markham to elect under the will of John F. Markham, deceased, and denies under the terms of said will that she is required to elect.

The material and pertinent parts of the answer of Mrs. Hattie C. Broughton and Mrs. Ella M. Young and husband are as follows:

"These defendants join in the plea of the defendant, Houston Land & Trust Company, Guardian of the Estate of Mrs. Sarah Frances Markham, non compos mentis, for the construction of the will of John F. Markham, deceased, and that the Court find what character of estate is acquired by these defendants, Mrs. Hattie C. Broughton and Mrs. Ella Young, sisters of the said John F. Markham, deceased, and when said estate vests in said defendants and what limitations and charges, if any, said estate is subjected to during the life time of Mrs. Sarah Frances Markham, non compos mentis, the wife of John F. Markham, deceased, by the terms of the will of the said John F. Markham, deceased.

"Wherefore, these defendants pray upon final hearing that they go hence without day and recover their costs, and for a construction of the will of the said John F. Markham, as prayed for in Paragraph XIII of the answer of the defendant, Houston Land & Trust Company, Guardian of the person and estate of the said Mrs. Sarah Francis Markham, and in addition thereto the matters set out in the preceding paragraph of this answer."

The case was tried before the court without a jury. The judge of the trial court held that the will of John F. Markham called for an election on the part of Mrs. Markham, non compos mentis, as to whether she would accept under the will or to take under the statute; that in view of the fact that Mrs. Markham was incapacitated to make such election in person, the trial court, and no other person or party, was authorized to make such election. So holding, the court held that it was to the interest of Mrs. Markham to refuse to accept under the will and to elect to hold under the statute of descent and distribution; and so holding, the court elected for Mrs. Markham to hold under the statute and not under the will, and so holding, the court further held that the devise to Mrs. Ella Millis and C. S. Settegast, respectively, of the whole of the lots of land attempted to be made by John F. Markham by his will to them, respectively, did not have the legal effect to pass the title to the whole of such lots to the respective devisees, after the probate of the will, but had the effect to pass to said devisees only one-half undivided part of the lots; the court having found that both of said lots belonged to the community estate of John F. Markham and his wife, Sarah Frances Markham. The court, having so held, rendered judgment that Mrs. Ella Millis and C. S. Settegast each recover from defendants a one-half undivided interest in the lots devised to them respectively, and that Mrs. Markham recover of Mrs. Millis and C. S. Settegast, respectively, the title to the other one-half of said two lots, and that said parties were entitled to a

partition of said lots, but that as said lots were not susceptible of partition in kind without injury, they should be sold for the purpose of partition. The court in his judgment ordered that the sum of money paid to Houston Land & Trust Company by the city of Houston for that part of the Millis lot taken for street purposes during the pendency of this suit be paid over, one-half to Mrs. Ella Millis and the other one-half to the guardian of the estate of Mrs. Markham. The trial court found, however, that John F. Markham by his will intended to dispose of the entire community estate of himself and wife as though it all belonged to him, and that by his will he intended and attempted to devise to Mrs. Millis in fee simple the entire title to the property sued for by her, and not merely his community half interest therein, and that by his will he also attempted and intended to devise to C. S. Settegast the entire title to property sued for by said Settegast, but that such will had the effect only to pass the title to one-half interest in the two properties mentioned.

The court found that the one-half interest in the lot devised to Mrs. Millis by the will of John F. Markham was of the value of $4,000 at the time of the death of Markham, and that she had lost such interest by the refusal of Mrs. Markham to take under the will of John F. Markham, Mrs. Millis was entitled to recover from the estate of John F. Markham the sum of $4,000 to compensate her for her loss of the one-half undivided interest in the lot devised to her by the will of John Markham.

He also held that C. S. Settegast was entitled to recover from said estate $4,500 to compensate him for his loss of one-half of the lot devised to him.

In accordance with the findings of the trial court, it was decreed that Mrs. Ella Millis recover of and from the estate of John F. Markham, deceased, and the Houston Land & Trust Company, as administrator of said estate, an interest in the estate of John F. Markham, deceased, of the value of $4,000 as of the date of the death of said Markham, on June 25, 1928.

After the court had found that John F. Markham by his will intended and attempted to devise to Mrs. Millis and C. S. Settegast in fee simple, the entire title to the properties devised to them respectively, and not merely his community interest therein, he found that John F. Markham intended to create a trust in all the balance of the community estate, or his share therein, for the support and maintenance of Mrs. Markham with the remainder, after his wife's death, to Mrs. Hattie C. Broughton and Mrs. Ella M. Young.

The court also found, as shown by the judgment, that Mrs. Sarah Frances Markham is seventy-two years of age, and that at the date of the death of John F. Markham her life expectancy was 8.97 years, and that the value of her support for said time is $13,226, and that the value of the whole of the community estate owned by John F. Markham and wife, Sarah Frances Markham, at the time of his death, was $79,653.29; that the half interest of John F. Markham in all the community estate at the time of his death was of the value of $39,826.64, and the community half of Sarah Frances Markham was also then of the value of $39,826.64; and the court finds that under the court's construction of the will it is to the advantage of Mrs. Sarah Frances Markham to elect to take against the will.

The court further finds that from the language of the will of John F. Markham, deceased, he intended to create a trust in favor of his wife, Sarah Frances Markham, for her support in Greenwood's Sanitarium (or some other sanitarium for the care of the insane) in the entire community estate, except the Preston street property devised to Mrs. Ella Millis, and the Houston avenue property devised to C. S. Settegast, but that he intended in any event for all of his property, whether his interest in the community property or all of the community property, except the two pieces devised to Mrs. Ella Millis and C. S. Settegast, respectively, to be devoted to such trust purpose, and he did not will the corpus of his estate to any one to take effect during the life of his wife, Sarah Frances Markham, except the estate which Mrs. Ella Millis and C. S. Settegast shall receive by virtue of said will, and that no residuary estate was created by said will to take effect in any event before the death of Mrs. Sarah Frances Markham, and no property was devised to Mrs. Hattie C. Broughton and Mrs. Ella M. Young by said will which would be in any way affected by the election made by this court for the said Mrs. Sarah Frances Markham to take under the statute and not under the will, and the court finds that regardless of the court's election for Mrs. Sarah Frances Markham to take against the will, the said Mrs. Hattie C. Broughton and Mrs. Ella M. Young are not entitled to receive any part of the estate of John F. Markham, or its income, until after the termination of the trust through the actual death of Mrs. Sarah Frances Markham. That by the terms of the will of John F. Markham, Mrs. Markham was put to her election as to whether she would take under the will or whether she would take against the will and under the statute fixing her rights; that neither the Houston Land & Trust Company, as guardian, nor Elbert Roberts, as guardian ad litem, had the authority to make an election for Mrs. Markham, a non compos mentis, but that the trial court had and has the exclusive right to make such election, and that the court as a court

of equity makes such election, and that he does elect that Mrs. Markham shall take her community property under the statute and not under said will.

The foregoing statement as to the provisions of the judgment rendered is but an extract from the judgment, which covers twenty-one pages of the record. However, we think it contains all findings and decrees of the court to enable us to dispose of the issues presented by the appeal taken from such judgment by Mrs. Broughton and Mrs. Young and husband.

We find from the undisputed evidence that the value of the entire community estate of John F. Markham and his wife, Sarah Frances Markham, including the two lots devised by his will, one to Mrs. Ella Millis and the other to C. S. Settegast, was at the time of the death of Mr. Markham of the value of $79,653.29; that the value of the interest of Mr. Markham in said estate at such time was of the value of $39,826.64, and that the lot devised by his will to Mrs. Ella Millis was of the value of $8,000, and that so devised to C. S. Settegast was of the value of $9,000, both of the total value of $17,000; that after deducting the value of the two lots so devised, John F. Markham still owned in his own right an interest in said community estate of the value of $22,826.64; and that after such deduction there remained of the community estate property of the value of $62,652.55.

From the facts stated we conclude:

■ 1. That there is no provision of the will of John F. Markham which calls upon Mrs. Markham to make an election as to whether or not she will take under such will for the protection of her interest in the community estate, and it follows that neither the trial court, nor any one representing her interest in any capacity, was authorized to make such election for her.

■ 2. We further conclude from such evidence that by his will John F. Markham lawfully devised to Mrs. Millis and C. S. Settegast title to the whole of the lots devised to them, respectively, as a part of his interest in the community estate, and that by said will, after its probate, the title to said lots passed to said devisee, and that such parties are entitled to judgment for their respective lots.

3. It follows from the conclusion next above expressed that we conclude that the court erred in adjudging to Mrs. Ella Millis the sum of $4,000 to be paid out of the community estate to compensate her for loss of one-half of the lot devised to her, and that the court also erred in adjudging to C. S. Settegast the sum of $4,500 to be paid out of said estate to compensate him for loss of one-half of the lot devised to him.

■ 4. That since John F. Markham by his will passed the title to the two lots, parts of the community estate, to Mrs. Millis and C. S. Settegast, which were of the total value of $17,000, thus taking to himself as a part of his interest in the community estate these lots, Mrs. Markham in the two suits mentioned would be entitled to a decree setting aside to her out of the remainder of the community estate the sum of $17,000 as an offset to the two lots which had been appropriated to his own use by John F. Markham.

■ 5. That John F. Markham by the terms of his will created and fixed a trust upon the community estate remaining after devising the two lots in question, in so far as he could do so, for the support and maintenance of his insane wife, Sarah Frances Markham, during her life, with the provision that after the death of his wife any balance of his share of such estate remaining should be paid to his two sisters, Mrs. Hattie C. Broughton and Mrs. Ella M. Young.

6. That judgment should be rendered for the two sisters mentioned for such part of the interest of John F. Markham as shall remain after the death of Mrs. Sarah Frances Markham.

7. That Mrs. Millis is entitled to judgment against the Houston Land & Trust Company for $5,227.54, the same being paid to said company in trust for a part of the lot devised to Mrs. Millis pending this suit.

We agree with counsel for Mrs. Millis in his contention that the language used by John F. Markham in his will makes it clear that he thereby intended to dispose of the whole of the two lots devised by the will, one to Mrs. Ella Millis and the other to C. S. Settegast, but did not attempt to dispose of Mrs. Markham's community interest in any of their property, other than the two lots mentioned in the will, during the life of his wife. Avery v. Johnson, 108 Tex., 294, 192 S. W. 542.

■ The devise of specific parts of the property in which the testator, John F. Markham, owned only an undivided half interest, operates as an equitable partition of the same, as a conveyance by deed would operate, and entitled the devisees to have set apart to them on partition the specially devised property where, as in this case, it can be done without injustice to Mrs. Markham, the owner of the other undivided half interest in the common estate. So, since the undisputed evidence shows that if the title to the whole of the two lots devised to Mrs. Millis and Settegast was allowed to pass by virtue of the will of John F. Markham to such devisees there would still remain of the common estate property of the value of $62,000, it is evident that the devise of the title to the whole of the said two lots can be made without injustice

being done to Mrs. Markham, as the court can and should set apart to her other land or lands belonging to said common estate of value equal to the value of the two said lots, which is shown to be $17,000.

While a devise is not a sale, it is a conveyance. In this case we see no reason why the devise or conveyance by will of John F. Markham to Mrs. Millis and C. S. Settegast of the two lots devised to them would not pass the titles to the properties devised to said parties. In such circumstances on partition, between the two devisees of John F. Markham and Mrs. Markham, such devisees in our opinion would be entitled to have allotted to them the whole of the respective lots devised to them and to have allotted to Mrs. Markham other property of the common estate of value equal to the value of said two lots devised. It has been often held that if one tenant in common sells, or otherwise disposes of, a specific part of land in which he owns an undivided interest, his vendee on partition with the other cotenants will be entitled to receive the specific part conveyed to him if it can be done without injustice to the other cotenants.

It is also settled law that if one of two or more tenants in common improves and resides upon, or otherwise uses, a specific part of a larger tract in which he owns only an undivided interest, nevertheless he will be entitled to have allotted to him, on partition, the part which he has so improved if it can be done without injustice to the owner of the other undivided interest. We see no reason why the same rule should not be applied to conveyances by will as to conveyances by deed. Jones v. State (Tex. Com. App.) 5 S. W.(2d) 973; Gallagher v. Redmond, 64 Tex. 622; Lasater v. Ramirez (Tex. Com. App.) 212 S. W. 935; Byrn v. Kleas, 15 Tex. Civ. App. 205, 39 S. W. 980; Broom v. Pearson (Tex. Civ. App.) 200 S. W. 191, writ of error refused; and many other cases cited by counsel for Mrs. Millis.

We think the foregoing sufficiently disposes of all of the contentions of all parties made to this court on this appeal without discussing them in detail.

We have reached the conclusion that the trial court erred in those certain findings, orders, and decrees hereinbefore pointed out, and that it becomes necessary that the judgment rendered be reversed and the cause remanded, with instructions to the trial court to proceed to a disposition of the cause in accordance with the views herein expressed. Having reached such conclusion, the judgment is reversed, and the cause remanded, with the above instructions.

Reversed and remanded, with instructions.