HALL & TYSON ET AL. v. FIRST NATIONAL BANK OF COVINGTON,
KENTUCKY.

Application No. 6213.   Decided February 24, 1909.

**Statement of Facts—Original and Copy—Waiver.**

The appellate court should not refuse to consider a statement of facts prepared in accordance with the Act of May 25, 1907 (Laws, 30th Leg. p. 510, secs. 4, 5) because the original is not sent up, but is copied in the transcript, where no objection to this procedure was made by appellee before submission. Royal Ins. Co. v. Texas & G. Ry. Co. ante, p. 306, followed.

Application for writ of error to the Court of Civil Appeals for the Sixth District, in an appeal from Coleman County.

*Woodward & Baker,* for applicants.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

For reasons given in the opinion this day filed in the case of The Royal Insurance Company against The Texas & Gulf Railway Company, we think the Court of Civil Appeals erred in refusing to consider the statement of facts copied into the record. This case is further like that, in that only questions of law are raised in the appeal, which may be disposed of by this court in connection with the statement of facts without emanding the cause to the Court of Civil Appeals. The question which the Court of Civil Appeals declined to decide for want of a statement of facts arises in an assignment upon the action of the trial court in instructing a verdict for plaintiff. The action was upon two promissory notes, executed by the defendants, payable to the James & Mayer Buggy Company or order, and assigned before maturity to the plaintiff bank for a valuable consideration. The question made is whether or not the defendants adduced sufficient evidence tending to show notice to the bank, before its purchase of the notes, of the defense alleged against the Buggy Company, to entitle defendants to a submission of that issue to the jury. We have examined the evidence, and find that the circumstances relied on are wholly insufficient for the purpose, which leads to the conclusion that the trial court's instruction was correct. The only other question was correctly decided by the Court of Civil Appeals, the uncontradicted evidence plainly showing the endorsement and transfer of the notes to the bank before maturity.

*Application refused.*