**HARDEE, Sheriff, et al. v. VINCENT.**

No. 4996.

Court of Civil Appeals of Texas. Amarillo.

Feb. 27, 1939.

Rehearing Denied April 24, 1939.

E. D. Slough, of Amarillo, for appellants.

Lackey & Lackey, of Stinnett, for appellee.

FOLLEY, Justice.

The appellee, Mrs. Edna Vincent, joined by her husband, U. A. Vincent, filed this suit against the appellants, Dan H. Hardee, Sheriff of Hutchinson County, Texas, and the Tootle-Campbell Dry Goods Company, a corporation. The purpose of the suit was to enjoin the levying of an execution by the appellants upon certain property alleged to belong to Mrs. Vincent, which consisted of a store building at Stinnett, Texas, and the merchandise and fixtures therein situated. The execution in question was issued out of the County Court of Hutchinson County on a judgment in the sum of $385.95 recovered by the appellant Tootle-Campbell Dry Goods Company against U. A. Vincent on November 3, 1937. Upon being presented the petition of Mrs. Vincent the trial court entered a temporary order re-

straining the levy upon her alleged property until a hearing might be had on the petition. The appellants filed a motion to dissolve such order, and upon a hearing of such motion, the trial court permanently enjoined the appellants from levying the execution upon the property involved. From such judgment, which was in effect a hearing on the merits, the appellants have appealed to this court.

The appellants make three contentions in this court, namely: (1) that the pleadings of Mrs. Vincent are insufficient to show that the property involved belonged to her; (2) that the evidence is insufficient to show that the property was the separate property of Mrs. Vincent; and (3) that Mrs. Vincent's conduct estopped her from asserting individual ownership of the property.

 Each of these assignments must be overruled. The petition of Mrs. Vincent conclusively asserts that the property involved was the separate property of Mrs. Vincent. Likewise, the testimony is sufficient at least to support the finding made by the trial court that such property belonged to Mrs. Vincent. A deed was introduced in evidence of the date of December 16, 1935, showing that Lot No. 2 in Block 54, the land upon which the store building stood, was transferred on said date from U. A. Vincent to his wife, Mrs. Edna Vincent. Also in the testimony was a bill of sale of the same date transferring the merchandise and fixtures from U. A. Vincent to Mrs. Vincent. Both of these instruments were filed forthwith with the County Clerk of Hutchinson County and by him duly recorded as required by law. The testimony of U. A. Vincent was to the effect that the business was begun with funds belonging to his wife and that such business and all the property involved belonged solely to her. Although this testimony from Vincent is subject to criticism on the theory that it was a mere conclusion on the part of the witness, the corroboration it has from the written instruments in the record removes the stigma thus attached to such an extent that we are not authorized to disturb the trial court's finding on this issue of fact. Furthermore, the Tootle-Campbell Dry Goods Company has no judgment against Mrs. Vincent. She was not a party defendant in the judgment against her husband. This being true, under the record as presented, the Tootle-Campbell Dry Goods Company had no right to an execution against any property belonging solely to her separate estate.

Moreover, no testimony was offered as to any conduct or representations on the part of Mrs. Vincent which would estop her from protecting her separate property from an execution upon a judgment rendered solely against her husband.

The judgment is affirmed.