DAN H. HARDEE, SHERIFF, ET AL V. EDNA VINCENT ET AL.

No. 7602. Decided February 12, 1941.
(147 S. W., 2d Series, 1072.)

*E. D. Slough,* of Amarillo, for plaintiff in error.

Conceding that plaintiff was the owner of the stock of merchandise and the fixtures at the time the husband transferred

his interest to her, the necessary permutations, of which the court will take judicial notice, and shown by the record, made it incumbent on her to show that the merchandise and fixtures on hand at the time of the commencement of this suit was purchased with her separate funds; and failing in this she had no right to recover in the suit. Powell v. Davis, 19 Texas 380; Epperson v. Jones, 65 Texas 425; Middlebrook v. Zapp, 73 Texas 29, 10 S. W. 732.

*Lackey & Lackey*, of Stinnett, for defendant in error.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

This is a suit brought in the district court for injunction and for damages by Edna Vincent, joined by her husband, U. A. (Doc) Vincent, against the sheriff of Hutchinson County, and Tootle-Campbell Dry Goods Company. One of the purposes of the suit was to restrain the levy of an execution issued out of the county court of Hutchison County, Texas, on a judgment rendered on November 3, 1937, in favor of Tootle-Campbell Dry Goods Company against U. A. (Doc) Vincent for the sum of $385.95. The property upon which the levy was about to be made consisted of a stock of merchandise and fixtures situated in a storebuilding at Stinnett, Texas, alleged to belong to the separate estate of Mrs. Vincent. A motion to dissolve the temporary restraining order was filed and after hearing evidence the trial court granted a perpetual injunction in accordance with the prayer of Mrs. Vincent. The sheriff and the dry goods company appealed to the Court of Civil Appeals. The Amarillo Court of Civil Appeals affirmed the decree of the trial court. 127 S. W. (2d) 333. This Court granted a writ of error. Two contentions are presented to this Court, viz: (1) that the pleadings of Mrs. Vincent are insufficient to show that the property involved belonged to her separate estate; (2) that the evidence failed to show that the property in question was paid for with the funds belonging to Mrs. Vincent's separate estate. We shall only consider the second contention. The evidence shows that U. A. (Doc) Vincent on the 16th day of December, 1935, transferred and conveyed to his wife, Mrs. Edna Vincent, lot No. 2, block 54, in the town of Stinnett, Texas, and all of the stock of merchandise and trade fixtures contained in said store. The written instrument evidencing such conveyances were forthwith recorded in the county records. U. A. (Doc) Vincent testified as follows:

"The store situated on Lot 2 in Block 54, in Stinnett, Texas, has been continuously operated for several years by myself and wife. This business was commenced with funds belonging to my wife sometime prior to December 16, 1935, but was operated in my name. Since December 16, 1935, the business has been operated under the name of U. A. (Doc) Vincent, which is a trade name. I do not claim any interest in the business whatever. It belongs to my wife, Mrs. Edna Vincent. She gave me a working interest in the business and agreed to pay me $100.00 per month salary. The bank account has been carried in the name of U. A. (Doc) Vincent. The stock of merchandise consists of meat, groceries and dry goods; a gasoline filling station has and is being operated in connection with the business. Nearly all of the dry goods were bought on credit and were sold on credit and customers are still owing for the greater portion. I had charge of the dry goods. My wife had charge of the groceries, and has mostly paid cash for the past year and half."

Six chattel mortgages were introduced in evidence showing the following transactions:

"Sale by Hobart Mfg. Co. to Vincent of one Coffee Mill, price $155.40, down payment $44.25, balance payable in monthly installments, dated March 27, 1936.

"Sale by Wayne Company to Vincent of two Gasoline Pumps, price $460.00, down payment $46.00, balance payable in monthly installments, dated June 13, 1936.

"Sale by Amarillo Supply Company to Vincent, one Viking Meat Case, Compressor and Meat Block, price $1450.00, cash payment $290.00, balance payable in monthly installments, dated December 9, 1936.

"Sale by Golden Light Coffee Company to Vincent, one Steel Table, 12 Stools and One Griddle, price $136.60, down payment $10.00, balance in monthly installments, dated December 24, 1936.

"Sale by Hobart Mfg. Company to Vincent, Slicer and Scales, price $430.68, down payment $72.33, balance in monthly installments, dated February 4, 1937.

"Sale by Hobart Mfg. Company to Vincent, Coffee Mill and Chopper, price $472.50, cash payment $116.50, balance in monthly installments, dated March 8, 1937."

The witness, U. A. (Doc) Vincent, in reference to said conditional sales contracts testified that the cash payment of $44.25 was the credit allowance for coffee mill traded in which was included in the conveyance of December 16, 1935. There

was a credit given for a meat case traded in which was included in the transfer to his wife, dated December 16, 1935. Part of the properties described in the bills of sale have been fully paid for. Vincent further testified that as agent for his wife he purchased the property described in said chattel mortgages and the same were used in his wife's business and were in the store on Lot 2, Block 54, Stinnett, Texas. Vincent further testified that payments on the meat fixtures had been made from funds arising from the meat department. Payment of the gasoline tanks have been made from money from the filling station business and likewise from the other department. Separate accounts were kept but all cash sales and money received from collections were placed in the cash register and deposited in the bank in a general fund. He further testified that the judgment in favor of the dry goods company against him was for merchandise purchased for his wife's business.

■ The evidence quoted is all the proof in the record. It is without dispute. It is settled in this State that "all property acquired by either husband or the wife during marriage by onerous title, is community estate ,the burden of proving that any portion thus acquired is the separate estate of the wife rests upon the party asserting that fact." Epperson v. Jones, 65 Texas 425.

The proof shows that dry goods and fixtures were purchased on a credit and paid for with funds out of the business; that groceries were bought and paid for with cash out of the business. Whether the cash paid for the merchandise and fixtures came out of the capital investment or profits of the business does not appear.

The testimony of Vincent, to wit: that "he did not claim any interest in the business" and that "it belonged to his wife" cannot be given the legal effect of rebutting the presumption of community property for the reason that profits derived from the wife's separate estate during marriage belong to the community estate of the husband and wife. Epperson case, supra.

■ It was incumbent upon Mrs. Vincent to show that the money used in the purchase of additional stocks of merchandise and fixtures came out of her separate estate. She attempted to do this by showing that the business belonged to her separate estate at the time of the conveyance to her on December 16, 1935. The case was tried on March 14, 1938, some two years and three months after the conveyances from Vincent. During such time the stocks of merchandise and fixtures were bought

and sold, thus presenting the all important issue as to whether the money used in the purchase of such additional stocks of merchandise and fixtures was profits from the business or capital investment.

Absent proof that the money so used came out of the capital investment, which is the state of the record, the presumption of the law, that property acquired by either husband or wife during marriage belongs to the community estate of the husband and wife controls in the present case. It follows from what has been said that the stock of merchandise and fixtures acquired after December 16, 1935, belong to the community estate of Vincent and wife and is liable for the debts of the husband. Smith et al v. Bailey, 66 Texas 553, 1 S. W. 627; Middlebrook et al v. Zapp, et al, 73 Texas 29, 10 S. W. 732; Epperson case, supra.

The decree of the district court granting the injunction which was affirmed by the Court of Civil Appeals will be here reversed, the injunction dissolved and the cause remanded to the district court.

Opinion adopted by the Supreme Court February 12, 1941.