## GIBSON v. GIBSON.
### No. 11686.

Court of Civil Appeals of Texas.
San Antonio.

March 19, 1947.

Rehearing Denied April 16, 1947.

Newton & Archer, of San Antonio, for appellant.

Maxwell Burkett, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal in a divorce suit. Irene Gibson was granted a divorce from her husband, Earl L. Gibson, but denied recovery of any community property.

The appeal is taken by Irene Gibson from that part of the judgment which denied to her any community interest in the stock in trade in the Diamond Liquor Store, a business owned by her husband at the time of marriage, and any money on deposit in the account of the Diamond Liquor Store with the National Bank of Fort Sam Houston.

Appellant contends that the court erred in decreeing that the stock in trade and the bank account of the Diamond Liquor Store were the separate property of the husband and that the wife had no community interest therein.

The evidence shows that appellee purchased the Diamond Liquor Store in September, 1945, and that he and appellant were married in October, 1945, thus appellee unquestionably owned the fixtures and the stock in trade of the Diamond Liquor Store at the time he and appellant were married. The Diamond Liquor Store was a going concern, whiskeys, wines and other liquors were being daily sold and replaced with new stock.

The trial court found, in effect, that at the time of his marriage to appellant appellee's net worth was $24,891.39, which was the value of the stock in trade, furniture and fixtures of the Diamond Liquor Store and cash in bank to the credit of the Liquor Store, while at the time the divorce suit was filed the net value of this property was $24,-147.18. In other words, the inventory of the furniture, fixtures, stock in trade and cash in bank of the Diamond Liquor Store, was $744.21 less at the time of divorce than it was at the time of marriage. Upon this finding the trial court decreed that appellant had no community interest in the stock in trade of the Diamond Liquor Store or in its bank account.

Under the provisions of Article 4619, Vernon's Ann.Civ. Stats., "all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

The evidence shows that during the time these parties were married appellee was continually buying and selling whiskey, wine and other merchandise and making a profit therefrom; that appellee had only one bank account in which he mixed and mingled the profits from the sales together with the capital investment; that practically all of the specific stock in trade in the possession of appellee at the time of marriage had been disposed of and replaced by new stock, paid for out of funds representing in part the profits of the business; that

appellee kept no records as to how much of the capital investment and how much of the profits were used in replenishing the stock and it only shows that at the end of the marriage there was a decrease in the inventory of some $744.21.

Hardee, Sheriff, v. Vincent, 136 Tex. 99, 147 S.W.2d 1072, 1073, is directly in point. In that case Mr. Vincent gave his grocery store to his wife as her separate property, but they thereafter operated such business, selling the stock in trade and replenishing it with new stock. This new stock was paid for out of an account which did not show how much of it was original capital and how much was profits from the business. Later a judgment was rendered against Mr. Vincent and a levy made upon the stock in trade in the store and Mrs. Vincent claimed the same as her separate property.

Judge Slatton, speaking for the Commission of Appeals, said:

"It is settled in this state that 'all property acquired by either the husband or the wife during marriage, by onerous title, is community estate, the burden of proving that any portion thus acquired is the separate estate of the wife rests upon the party asserting that fact.' Epperson v. Jones, 65 Tex. 425.

"The proof shows that dry goods and fixtures were purchased on a credit and paid for with funds out of the business; that groceries were bought and paid for with cash out of the business. Whether the cash paid for the merchandise and fixtures came out of the capital investment or profits of the business does not appear. * * *

"It was incumbent upon Mrs. Vincent to show that the money used in the purchase of additional stocks of merchandise and fixtures came out of her separate estate. She attempted to do this by showing that the business belonged to her separate estate at the time of the conveyances to her on December 16, 1935. The case was tried on March 14, 1938, some two years and three months after the conveyances from Vincent. During such time, the stocks of merchandise and fixtures were bought and sold, thus presenting the all-important issue as to whether the money used in the purchases of such additional stocks of merchandise and fix-

tures was profits from the business or capital investment.

"Absent proof that the money so used came out of the capital investment, which is the state of the record, the presumption of the law, that property acquired by either husband or wife during marriage belongs to the community estate of the husband and wife, controls in the present case. It follows from what has been said that the stock of merchandise and fixtures acquired after December 16, 1935, belong to the community estate of Vincent and wife and is liable for the debts of the husband. Smith et al. v. Bailey, 66 Tex. 553, 1 S.W. 627; Middlebrook et al. v. Zapp et al., 73 Tex. 29, 10 S.W. 732; Epperson case, supra."

See also: Smith v. Bailey, 66 Tex. 553, 1 S.W. 627; Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002; Schwethelm v. Schwethelm, Tex.Civ.App., 1 S.W. 2d 911; Lindemood v. Evans, Tex.Civ.App., 166 S.W.2d 774; Rippy v. Rippy, Tex.Civ. App., 49 S.W.2d 494; Thomas v. Thomas, Tex.Civ.App., 277 S.W. 210.

Accordingly, that part of the judgment appealed from will be reversed and remanded for a new trial; that part of the judgment not appealed from will be affirmed.

### On Motion for Rehearing.

■ Appellee contends that we were in error in stating in our opinion, that appellee was "continually buying and selling whiskey, wine and other merchandise and making a profit therefrom," because there is no evidence in the record to this effect.

While the witness Warren J. Mayne was testifying the following took place:

"Q. He bought whiskey many times; every time they would sell it to him? A. Yes, sir.

"Q. You can't tell us how much profit is in a bottle of whiskey or a shipment of whiskey?

"The Court: Get a bottle and a shipment separate.

"Q. Either one. There is a profit in it, is there not? A. There should be; yes, sir.

"Q. There is. You know that.

"The Court: The Court knows that people would not go in the liquor business and sell liquor unless there was a profit in it.

"Q. You testified before that you did not keep a separate account as to his community property and as to his separate property. You only kept one account. Is that correct? A. I keep it only on his place of business.

"Q. And at no time did you attempt to segregate or separate his separate property from the community property? A. No, sir."

After the trial court took judicial knowledge of the fact that liquor was sold at a profit without objection on the part of either appellant or appellee, no further attempt was made to prove that the liquor was sold at a profit. Under such circumstances we were justified in finding as a fact that the liquor was sold at a profit.

We have carefully considered appellee's motion for a rehearing and same is in all things overruled.