## LOVELL v. LOVELL.

### No. 11704.

Court of Civil Appeals of Texas.
San Antonio.
April 16, 1947.

Roy A. Scott, of Corpus Christi, for appellant.

Joe J. Alsup, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a divorce case. Complaint here is made of the property settlement involved. The parties have had rather unusual marital experiences which in turn give rise to a complicated property situation.

Nora B. Lovell, the appellee, married appellant, Roy H. Lovell, in the early part of 1936. On December 17, 1936, she secured a divorce from appellant. Shortly thereafter, according to her testimony, she resumed living with Lowell in accordance with an agreement and under circumstances which would amount to a common law marriage. However, on November 13, 1943, appellee evidenced a complete misunderstanding of the nature and incidents of a

common law marriage, and contracted a statutory marriage with one Armstrong. In January of 1944 she secured a divorce from Armstrong. The following month appellant and appellee were again united by a ceremonial marriage.

The trial court found that:

"During the existence of this last marriage community property was acquired consisting of $1,000.00 in United States Government Bonds, the same being the present value of said bonds; $2,000.00 in merchandise, and $349.00 in cash. There was outstanding at time of trial one community debt in the sum of $1,000.00."

The trial court also found that:

"Within a few days after the divorce (of December 17, 1936) plaintiff and defendant began living together and did live together until about July, 1943.

"While plaintiff and defendant did not enter into a common law marriage while they were living together as set out (above) they did work together in the acquisition of certain property, the plaintiff, Nora B. Lovell, keeping house, doing the cooking, keeping books and at times actually looking after the distribution business in which they were engaged, contributing by her efforts at least 25 per cent in its acquisition."

The value of the property acquired in the name of Roy H. Lovell during this period was $9,450. As to this property the trial court concluded, as a matter of law, that Mrs. Lovell was "entitled to a partnership interest in such property, commensurate with the amount of her services contributed to its acquisition." The interest (25%) as we calculate it would be of a value of $2,362.50.

It also seems that Mrs. Lovell's community interest would have a value of $1,174.50.

It also seems that Mrs. Lovell's community interest would have a value of $1,174.50.

The trial court, however, arrived at a total of $3,857 as the value of both interests, and a division of the property was effected by affixing a lien against certain property, the legal title to which is vested in Roy H. Lovell. No complaint is made of this method of effecting a division of the property, other than by appellant's contention that appellee has no interest whatsoever in and to any of the property in this suit.

In our opinion the trial court's findings as to Mrs. Lovell's community interest have support in the evidence. Hardee, Sheriff, v. Vincent, 136 Tex. 99, 147 S.W.2d 1072; Gibson v. Gibson, Tex.Civ. App., 202 S.W.2d 288.

The trial court's findings as to the "so-called partnership" interest are attacked as being without support in the pleadings. The point is well taken. Partnership is a creature of contract. "As between the parties themselves there must be a voluntary agreement and an actual intention to become partners." 32 Tex. Jur. 234. It is not pleaded that any such agreement was expressly or impliedly made by the parties. It is suggested the case was actually tried upon the theory of "partnership" without objection and therefore the question of insufficiency of the pleadings has been waived. In connection with this contention, we have examined the statement of facts and find there is no evidentiary basis for a finding that by express contract or implied understanding did the parties agree to become partners.

The trial court found against appellee upon the issue of common law marriage. There is no factual basis here for the application of the civil law doctrine of "putative marriage." Papoutsis v. Trevino, Tex.Civ.App., 167 S.W.2d 777, and authorities relating thereto are not applicable. Any rights which Mrs. Lovell may have acquired in the property during the particular period of time must be based upon something other than a marriage or anything similar thereto. As indicated by the trial court's findings, there is a suggestion in the evidence that some sort of a trust theory might have application here. Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43, 132 Am.St.Rep. 879. But the judgment was not rendered on that theory, nor was the evidence of that clear and satisfactory nature necessary to support a parol trust. Papoutsis v. Trevino, supra.

The judgment of the trial court will be reformed so as to reduce the amount of

award allowed appellee from $3,857 to $1,-174.50. As reformed, said judgment will be affirmed.