**GRIGGS et al. v. REED et al.**

**No. 2831.**

Court of Civil Appeals of Texas. Eastland.

Nov. 3, 1950.

908

Alton C. Linne, Monahans, for appellants.

Coffee, Coffee & Gilliland, Big Spring, for appellees.

COLLINGS, Justice.

This is a suit for partition of a 160 acre tract of land situated in Howard County, Texas. Plaintiffs, Mrs. Jules Reed Griggs, Mrs. Dinnie Reed Ravenscraft, William Franklin Reed, Arlis E. Reed, Elmira Reed Teeter, J. B. Reed (also known as J. B. Brown) and Inez Cone Thorp brought this action against defendants, Laura Burnett Reed, Jack Reed and A. W. Reed. Plaintiffs alleged that defendants were in actual possession of the land and premises and had been since on or about December 24, 1927 but that plaintiffs and defendants were joint owners in fee simple of said land and together were the sole owners thereof and specifically alleged the interest of each party plaintiff and defendant therein. Plaintiffs prayed that real estate be partitioned among such joint owners as provided by law. Defendants filed a general denial. It was agreed by the parties that the land could not be divided and partitioned in kind and that it should be sold by a receiver appointed by the court and the proceeds from such sale divided among the owners in proportion as their interest might be determined by the court. Upon a trial of the cause, the court found that the land was acquired by W. T. Reed during his marriage relationship with defendant Laura Burnett Reed and that such land thereby became the community property of W. T. Reed and Laura Burnett Reed; that W. T. Reed died intestate in 1927 and at the time of his death left surviving the defendant, Laura Burnett Reed and four children, Jules Reed Griggs, Dinnie Reed Ravenscraft, Jack Reed and A. W. Reed, being his only surviving children, and William Franklin Reed, Arlis E. Reed, Elmira Reed Teeter and J. B. Reed (also known as J. B. Brown) who were the only surviving children of E. M. Reed, deceased, who was a son of W. T. Reed.

The evidence shows that Jack Reed and A. W. Reed are children of the marriage of W. T. Reed and his surviving wife, Laura Burnett Reed. Jules Reed Griggs and Dinnie Reed Ravenscraft are children of W. T. Reed by his former marriage to Elmira Reed, as was E. M. Reed, deceased. Inez

Cone Thorp is the surviving widow of J. B. Reed, deceased, who was also a child of the first marriage of W. T. Reed.

The court found that Laura Burnett Reed was vested with an undivided one-half interest in and to said land, that each of the surviving children of both the first and second marriage of W. T. Reed were vested with an undivided 1/10 interest in said land and that the children of W. E. Reed, deceased, were each entitled to an undivided 1/40 interest in and to said land, and that no other party to the suit owned any interest in said land. The court ordered the land sold in accordance with the agreement of the parties, and that the proceeds from such sale be paid to the respective parties in proportion to the extent of the interest owned by them. From such judgment, plaintiffs have brought this appeal.

Appellants contend that the court erred in holding the property in question to be community property of W. T. Reed and his second wife, Laura Burnett Reed, because the evidence conclusively shows that W. T. Reed acquired same shortly after his marriage to Laura Burnett Reed and paid therefor with funds belonging jointly to him and to appellants. It is the contention of appellants that the money used by W. T. Reed to purchase the Howard County property was acquired by him by the sale of a tract of land located in Eastland County, Texas, which was the community property of W. T. Reed and his first wife, Elmira Reed.

■ The evidence shows that the Howard County property was acquired by W. T. Reed during his marriage to his second wife, Laura Burnett Reed. It is the well settled law in Texas that property purchased during the marriage relationship is presumed to be community property and the burden of proving the contrary rests upon the party asserting that fact. Wilson v. Wilson, Tex.Civ.App., 200 S.W.2d 258; Lindemood, et al. v. Evans, Tex.Civ.App., 166 S.W.2d 774 (Writ Ref.); Gibson v. Gibson, Tex.Civ.App., 202 S.W.2d 288; Davis v. Duncan, Tex.Civ.App., 102 S.W. 2d 287; Epperson v. Jones, 65 Tex. 425;

Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072. The finding of the court that such property was the community property of W. T. Reed and his second wife, Laura Burnett Reed, is, therefore, correct unless as contended by appellants, the evidence conclusively shows that the money used to purchase same came out of the funds owned jointly by appellants and W. T. Reed.

■ According to appellants' contention, the evidence shows that their father and grandfather, W. T. Reed, during the lifetime of his first wife, Elmira Reed, owned land in Eastland County, Texas, and that subsequent to his first wife's death, sold such land and shortly thereafter, in December of 1906, married appellee, Laura Burnett Reed, and about two or three days after such marriage, purchased the Howard County property and paid for it out of money received from the sale of the Eastland County land. We feel that the evidence falls far short of conclusively showing that the proceeds from the sale of the Eastland County land was used to purchase the 160 acre tract of land in Howard County.

Appellant, Mrs. Ravenscraft, did testify that the Howard County land was paid for by W. T. Reed from the proceeds of the sale of the Eastland County property. This testimony, however, is based upon a conclusion as stated by her that "that was all of the money that he had to pay for it with." She also admitted that she had heard that Laura Burnett Reed sold some property in Erath County shortly prior to her marriage to W. T. Reed in December, 1906, and has received some money from such sale.

The evidence further indicates that the Howard County property was acquired by W. T. Reed in December of 1906 or January of 1907. The deed is dated December 8, 1906 and was acknowledged on that date. It was filed for record on January 24, 1907. A receipt shows that W. T. Reed paid $200.00 on the purchase price of said land on December 8, 1906 and paid an additional $1,000.00 "later in 1907 when the deal was closed." The deed by which W. T. Reed and the children of his first wife conveyed

'the Eastland County land when sold, although bearing date of November 9, 1906, is shown to have been acknowledged by the various grantors during a period beginning on June 1, 1908 and ending September 30, 1908, which was long after the purchase of the Howard County property. It was filed for record in the County Clerk's office in Eastland County on October 3, 1908. There is no testimony in the record as to when the money from the sale of this land was received by W. T. Reed but the dates of the acknowledgments to the Eastland County deed make it improbable that such money could have been received by him in time to be used as the purchase money of the Howard County property. As indicated, we are of the opinion that this evidence, if it raises the issue at all, certainly does not conclusively show that W. T. Reed purchased the Howard County property with the proceeds from the sale of the Eastland County land. The trial court did not err in holding, under the evidence, that the land in question was the community property of W. T. Reed and his second wife, Laura Burnett Reed, and in entering a judgment accordingly.

Appellants further contend that there is no pleading to support the judgment. Appellants, as plaintiffs, filed this partition suit. They alleged that defendants were in possession of the property but that all parties hereto were joint owners thereof and specifically alleged the interest of each party plaintiff and defendant therein as required by Rule 756, Texas Rules of Civil Procedure. Plaintiffs further alleged that the land was not capable of being partitioned in kind, prayed that it be sold and that the proceeds thereof be divided among the parties according to their respective interests. Rule 777, Texas Rules of Civil Procedure provides: "The same rules of pleading, practice and evidence which govern in other civil actions shall govern in suits for partition, when not in conflict with any provisions of the law or these rules relating to partition."

■■ Defendants filed a general denial. As in other civil actions, this put in issue all the allegations of plaintiffs' petition including their allegations concerning the legal title to the land. It is true a general denial would not support a judgment based upon proof of equitable title in defendants. See Green v. Churchwell, Tex.Civ.App., 222 S.W. 341. But plaintiffs alleged the status of the legal title. While admitting by their allegations that defendants were in possession of the land, they alleged title in themselves to specific undivided interests therein. Defendants denied these allegations. In order to disturb defendants' possession (and presumed legal title) and have the land partitioned, plaintiffs had the burden of establishing their legal title to the respective interests claimed. Goodloe & Meredith v. Harris, 127 Tex. 583, 94 S.W.2d 1141; Laferiere v. Richards, 28 Tex.Civ.App. 63, 67 S.W. 125 (Writ Ref.).

■■ The evidence partially supported plaintiffs' allegations. It showed that defendants and some of the plaintiffs did jointly own the land but that the interests owned were different in amount and proportion from that alleged by plaintiffs. The court granted plaintiffs' prayer for partition but ordered the division of the proceeds between the parties as the evidence showed their respective interests or title to be.

This judgment and the evidence upon which it is based are concerned with and decide issues raised by the pleadings. It would be a stringent rule that would deny a court the power to partition property or its proceeds in accordance with the evidence as to legal title when the interests of the plaintiffs are shown to be smaller and that of the defendants greater than alleged by plaintiffs' petition simply because defendants failed to specifically allege such greater interest. In our opinion the general denial filed by defendants, together with plaintiffs' pleadings, support the judgment. Furthermore, the question appears to have been tried by agreement, thereby rendering any question of sufficiency of the pleadings immaterial. Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858.

The judgment of the trial court is affirmed.