**Annie Mae HYMAN, Appellant,**

v.

**J. D. HYMAN, Appellee.**

No. 6363.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 1, 1954.

Rehearing Denied March 8, 1954.

Riley Strickland, Amarillo, for appellant.

Finney & Neal, Amarillo, for appellee.

MARTIN, Justice.

Appellee, J. D. Hyman, plaintiff below, filed his petition seeking annulment of his marriage to appellant, Annie Mae Hyman, defendant in the trial court, and such annulment was granted. The judgment also granted the care, custody, and control of a minor child adopted by the parties to appellant and awarded the sum of $30 per month as support for the child. No error is asserted as to the judgment on the above two issues and this appeal is concerned solely with the action of the trial court in vesting title in appellee as to all property accumulated by appellant and appellee during their relationship.

The theory under which the trial court vested title to all property in the appellee is revealed by the following finding of the trial court: "The court further finds that defendant did not enter into the marriage with the plaintiff in good faith, believing that she had been divorced from her first husband, and there is no community property existing between said parties and defendant has no interest in the property of the plaintiff." This theory is erroneous and requires a reversal of the cause as to the issue of property rights, under the principles discussed hereinafter under the ruling on appellant's Point 4.

■ Appellant's Points 1, 2, and 3 deal solely with the asserted error that the trial court's finding that appellant did not enter into the marriage in good faith is without evidence to support it and, in any event, contrary to the overwhelming weight of the evidence. The issue as to whether appellant entered into the marriage in good faith was a controverted issue of fact and the evidence in the cause is sufficient to support the court's finding that the marriage was not contracted by appellant in good faith. The evidence would also support an issue that the marriage was entered into in good faith by the appellant. The trial court resolved this disputed issue against the appellant and appellant's Points 1, 2, and 3 are overruled.

■ Appellant's Point 5 asserting that the undisputed facts reveal that J. D. Hyman and Annie Mae Hyman became partners in the property which they accumulated during the eight years of their living together is overruled in that there is no pleading or proof in this record of the issue of partnership. Lovell v. Lovell, Tex.Civ. App., 202 S.W.2d 291, Syls. 2-4; Hupp v. Hupp, Tex.Civ.App., 235 S.W.2d 753, Syls. 5-7.

Appellant's Point 6 asserting newly discovered evidence is overruled and the same

is not a material issue in view of the disposition of this case.

■ Appellant's Point 4 asserts, "The building of the home, the accumulation of other property by joint efforts shows the intention of the partnership of property and equity regards that as done which ought to be done and even if the marriage was illegal such did not prevent the Hymans from asserting their legitimate property rights growing out of their legitimate partnership business." In that there was no pleading or proof of partnership, the allegations in the above point as to partnership are treated as mere surplusage in that such point asserts a correct proposition of law and point of error with the allegations as to partnership deleted therefrom. The point may be considered under Rule 422, Vernon's Texas Rules of Civil Procedure. City of Dallas v. Shuford, Tex.Civ.App., 186 S.W.2d 708, Syl. 1. Appellant's Point 4, after deleting the allegations as to partnership, asserts, "even if the marriage was illegal such did not prevent the Hymans from asserting their legitimate property rights" and this statement asserts a correct point of error in regard to the disposition of this appeal.

■ The trial court's finding that appellant did not enter into the marriage with appellee in good faith is not conclusive as to her rights in and to the property acquired during the relationship of the parties. The Supreme Court of Texas in Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43, 45, ruled as follows on the issue as to the property rights of a woman living in meretricious relations with a man: "If Margreth Williams can show that the money with which the land was purchased was acquired in whole or in part by her labor in connection with Thomas Jefferson before the time when the land was purchased, then she would be entitled to a share in the land in the proportion that her labor contributed in producing the purchase money. * * * It is not necessary that Margreth Williams should prove that she produced by her labor a part of the very money that was used in purchasing the land. If she and Thomas Jefferson were working together to a common purpose, and the proceeds of labor performed by them became the joint property of the two, then she would occupy the position that a man would have occupied in relation to Thomas Jefferson under the same circumstances; each would own the property acquired in proportion to the value of his labor contributed to the acquisition of it." In Cluck v. Sheets, 141 Tex. 219, 171 S.W.2d 860, the Supreme Court asserted a like rule in vesting title to property in a woman who lived with a man and accumulated real property in conjunction with him without the parties ever entering into either a ceremonial, common law, or putative marriage. Lovell v. Lovell, supra, Syl. 1; 27 Texas Law Review 725.

The cause here in issue was tried and judgment rendered therein on the theory that in the absence of a ceremonial, common law, or putative marriage appellant was not entitled to any interest in property acquired by the joint efforts of the parties during their relationship. Under the principles outlined by the Supreme Court in the above-cited cases, the action of the trial court was error and appellant's Point 4 is sustained.

In view of a retrial of the cause it is observed that appellant's pleadings, supported by evidence in the cause, raise the issue of an agreement between the parties as to the joint accumulation of property and that appellee held all property so accumulated in trust for appellant as to her interest therein. Neither the pleading nor the proof reveal whether the alleged agreement was a parol agreement or in writing and therefore a ruling would not be required as to whether the same was a parol agreement creating an express trust and within the prohibition of Art. 7425b–7, Vernon's Annotated Texas Civil Statutes. It is not known what the pleadings and proof on this issue might reveal in another trial of the cause, but it does not appear from the record on this appeal that the agreement as pleaded and revealed by the evidence is within the prohibition of Art. 7425b–7 under the ruling of Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W. 2d 256.

The issues may not be the same on a re-trial of the cause as it is recognized that there might be a finding of a good faith marriage under the fact issues and appellant be established as the putative wife of the appellee. The judgment of the trial court is reversed and the cause remanded for a retrial of the issues under the rules of law as may be applicable to the pleadings and the proof thereunder at that time.