**Kenneth Gale McCANN, Appellant,**

v.

**Robin Bradford McCANN, Appellee.**

No. 14–97–01339–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 16, 2000.

Shawn Russel Casey, Houston, for appellants.

Roy W. Moore, Pamela E. George, Houston, for appellees.

Panel consists of Justices SEARS, LEE and HUTSON–DUNN.*

## O P I N I O N

D. CAMILLE HUTSON–DUNN, Justice (Assigned).

Appellant, Kenneth Gale McCann, appeals from a nunc pro tunc divorce decree which divided the marital estate of appellant and Robin Bradford McCann, appellee. We reverse that portion of the decree awarding Robin a $292,750.00 judgment as her portion of a community property reimbursement claim, and remand to the trial court for a new division of the community estate. The remainder of the decree below is affirmed.

The parties were married in 1981, and at the time Robin filed for divorce in 1996, had accumulated a substantial marital estate. No minor children were involved. One of the major property disputes at trial (and made the subject of this appeal) involved real estate and improvements located in Neuces County, which the parties

---

* Senior Justices Ross A. Sears, Norman Lee and D. Camille Hutson–Dunn sitting by assignment.

referred to as "Turkey Neck." Robin alleged it was community property, while Kenneth claimed it as his separate property. Following a lengthy trial, over 100 questions were submitted to the jury regarding characterization and valuations of the estate properties, including Turkey Neck. The jury found that a percentage of Turkey Neck was community and a percentage was separate. The trial court granted Kenneth's motion to disregard this finding and awarded him all of Turkey Neck as his separate property, but gave Robin a judgment against Kenneth "in the amount of $292,750.00 as [Robin's] portion of the community enhancement on the Turkey Neck property." The trial court found that as Kenneth had not rebutted the community property presumption as to expenditures for the improvements made on his separate property estate, all the expenditures were presumed community, such that the community was entitled to reimbursement based on the enhanced value of Turkey Neck. The court awarded the remainder of the marital estate according to the jury's findings and the parties' own stipulations and agreements.

■ On appeal, Kenneth brings three points of error, complaining of this reimbursement award to Robin. Kenneth argues that the Turkey Neck improvements were built using his separate property funds which he traced to his separate property accounts, *except* as to $37,261.00 in expenditures, such that he rebutted the community presumption. According to Kenneth, it was Robin's burden to submit a jury issue on the reimbursement claim, and as she failed to do so, she waived any right to reimbursement. Robin, on the other hand, argues that as Kenneth failed to rebut the community property presumption and failed to attack the overall property division as not "just and right", the judgment must be affirmed.

■ In resolving this question, we start with the trial court's finding of fact that Turkey Neck was Kenneth's separate property. Kenneth purchased the real es-

tate prior to marriage and built the improvements during the marriage. Under the inception of title rule, the property and improvements were his separate property, subject to any right of reimbursement by the community for community expenditures which enhanced the value of the property. Robin does not complain of this finding on appeal.

■ Under Texas law, the community estate is entitled to reimbursement for community property funds used to enhance the separate property of one of the spouses, and is to be measured by the enhanced value to the benefitted estate. *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex.1985). This measurement applies to a reimbursement claim for funds expended on capital improvements to another estate. *Penick v. Penick*, 783 S.W.2d 194, 197 (Tex.1988). The party claiming the right of reimbursement has the burden of proof. *Jensen v. Jensen*, 665 S.W.2d 107, 110 (Tex.1984); *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982). However, if these improvements were made during the marriage, there is a presumption that the funds expended on such improvements came from community property funds. TEX. FAM.CODE ANN. § 3.003(b). If this presumption is not rebutted by the party opposing the claim for reimbursement, all expenditures will be presumed community expenditures.

In this case, we agree with both parties' respective positions to a point. Kenneth had the burden of rebutting the presumption that improvements to Turkey Neck were paid for by community funds. However, if Kenneth rebutted this presumption, it would then become Robin's burden to establish the amount of community funds expended on Turkey Neck and the enhanced value of the property attributable to such community expenditures. *Jensen, supra; Vallone, supra.*

■ In reviewing the record, we note that Kenneth established that all but $37,261.00 in expenditures came from his

separate funds, such that $37,261.00 in expenditures were community. Upon introduction of evidence contrary to the community presumption, the presumption, which is not evidence, ceases to exist. *Dawson v. Dawson,* 767 S.W.2d 949, 950 (Tex.App.—Beaumont 1989, no writ), relying on *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 767 (Tex. Com.App.1940, opinion adopted). We find that Kenneth sufficiently rebutted the community property presumption as to expenditures made for improvements to Turkey Neck. It is undisputed that Robin did not independently prove up any community expenditures on Turkey Neck, and under such circumstances, the community would be entitled, based on the evidence presented, to seek reimbursement for such $37,261.00 in community expenditures, as measured by the enhanced value to Kenneth's separate estate. *See Horlock v. Horlock,* 533 S.W.2d 52, 60 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ dism'd).

No issues were submitted to the jury on Robin's community property claim for reimbursement. "Enhancement value" is a controlling issue that Robin needed to submit to the jury to determine the enhanced value, if any, to Turkey Neck attributable to the community expenditures. *Lindsay v. Clayman,* 151 Tex. 593, 254 S.W.2d 777 (1952). As she failed to prove up expenditures made by the community beyond the $37,261.00 and the enhancement value attributable to such expenditures and prove up and submit a jury issue as to the enhancement value attributable to the $37,-261.00, any right of reimbursement to the community is waived, and it is error for the trial court to award reimbursement. As this error materially affects the trial court's "just and right" division of the property, the entire community estate must be remanded to the trial court for a new division. *Jacobs v. Jacobs,* 687 S.W.2d 731 (Tex.1985).

We reverse that portion of the decree awarding appellee Robin McCann a judgment for $292,750.00 as her portion of a community property reimbursement claim, and remand to the trial court for a new division of the community estate consistent with this opinion. The remainder of the judgment is affirmed.