NUMBER 13-01-515-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

ALBERTO ANTONIO NURSE,                                                  Appellant,

 

                                                   v.

 

YOLANDA
TERESA NURSE,                                                    Appellee.

 

 



                         On appeal from the 28th District Court

                                  of Nueces
County, Texas.

 



 

                                   O P I N I O N

 

                      Before Justices Dorsey, Yañez, and Castillo

                                  Opinion by Justice Castillo

 

This is an
appeal from a final decree of divorce. 
In a single issue, appellant Alberto Antonio Nurse asserts that the
trial court abused its discretion by causing a property division or order that
is manifestly unjust and unfair.  We
affirm the judgment of the trial court. 








Background

Appellee Yolanda Nurse
originally sued appellant for divorce in June of 1997.[1]  One year later, on June 19, 1998, the parties
executed a Mediated Settlement Agreement. 
On December 17, 1998, alleging cruel treatment and adultery, appellee filed an amended petition seeking a
disproportionate share of the parties= community
estate.   On September 14, 2000,
appellant filed an amended answer, asserting as an affirmative defense that the
settlement agreement was binding.[2]  On July 27, 2000, the trial court granted appellee a default judgment and appellant successfully
moved for a new trial.   On September 15,
2000, prior to the trial de novo, appellant moved for judgment
conforming to the parties= agreement,
asking the trial court to enforce the agreement under section 6.602 of the
family code.[3]  Tex.
Fam. Code Ann. '6.602 (Vernon Supp. 2002).  At the final hearing on December 14, 2000, the
trial court ruled that it would follow the agreement and also granted relief
for matters outside the agreement.[4]  The trial court instructed the attorneys to
prepare a final decree for its signature. 









Appellant
refused to sign the proposed decree because he sought reimbursement for
mortgage payments he had made on the marital estate located on Ray Drive during
the pendency of his divorce.  Appellee moved to
enter judgment based on the trial court=s ruling of
December 14, 2000.  On June 26, 2001, the
parties appeared for a hearing on appellee=s motion to
enter judgment.  It was explained to the
trial court that the agreement provided that appellee
have exclusive use and possession of the Ray property and make the mortgage
payments as they became due. 
Nevertheless, appellant had been voluntarily paying half of the mortgage
payment each month with appellee paying the other
half, because appellee was financially unable to make
the full payments herself.  The terms of
the proposed decree did not make any provision for reimbursement to the
appellant for voluntary mortgage payments he made during the pendency of the divorce. 
Appellant=s counsel
urged, AHe stepped in
and did it and now he is entitled by law to be reimbursed, for all the mortgage
payments which he made in the interim period.@

 At the June hearing, the trial court denied
appellant reimbursement of monies paid on the Ray Drive mortgage.  The trial court ruled, AThen since both
parties have been paying half of the mortgage and upon the sale then each party
will benefit from half the proceeds in the sale of the home.  So I guess your reimbursement claim is moot
at this point.@   Appellant then perfected this appeal.  

Standard of
Review








In a decree of
divorce or annulment, the court shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party.  Tex. Fam. Code Ann. ' 7.001(Vernon
1998).   In a divorce proceeding, a trial
court has wide latitude in the exercise of its discretion in dividing marital
property.   Dankowski v. Dankowski, 922 S.W.2d 298, 304 (Tex. App.BFort Worth
1996, writ denied).  However, the trial
court does not have unlimited discretion in dividing property; there must be
some reasonable basis for an unequal division of the property.  Zieba v. Martin,
928 S.W.2d 782, 790 (Tex. App.B Houston [14th
Dist.] 1996, no writ).  An appellate
court cannot substitute its judgment for the trial court=s division of
property; rather, if the appellate court finds that an abuse of discretion has
occurred,  remand is required.  Jacobs v. Jacobs, 687 S.W.2d 731, 732
(Tex. 1985); McKnight v. McKnight, 543 S.W.2d 863, 866 (Tex. 1976).  Reimbursement is an equitable right, not an
absolute right, and the trial court's discretion in evaluating a claim for
reimbursement is as broad as that discretion exercised by making a Ajust and right@ division of
the community property.  Penick v. Penick,
783 S.W.2d 194, 198 (Tex.1988); Golias v. Golias, 861 S.W.2d 401, 403 (Tex. App.BBeaumont 1993,
no writ).   

Discussion








In his sole
issue, appellant asserts that the trial court abused its discretion by causing
a property division that is manifestly unjust and unfair.  He complains that the unequal division of the
marital estate based upon no supporting evidence is unjust and unfair as a
matter of law.  He adds that violation of
the plain terms of a properly executed mediated settlement agreement in such a
manner as to result in appellant=s receiving
anything less than his guaranteed fifty-fifty distribution of net sales
proceeds as set out in the agreement is manifestly unjust and unfair as a
matter of law.  He concludes that the
trial court=s refusal to
allow appellant reimbursement of the mortgage payments due him from the sale of
the Ray Drive residence is arbitrary and unreasonable as a matter of law.   As we read and comprehend appellant's brief,
implicit in the mediation settlement agreement is the requirement that appellee reimburse him for mortgage payments he made on the
Ray Drive property, and, consequently, the decree should reflect that
obligation.  The mediated settlement
agreement provides in part:

2.  The property commonly known as 1330 Ray,
Corpus Christi, Nueces County, Texas will be listed for sale with a real estate
agent who is active in the area where the property is located.  It will be sold for a price and on terms that
are mutually agreeable to the parties. 
However, as long as child support is payable under the terms of this
Agreement, and the Decree of Divorce:

 

a.  Wife will have the exclusive use and
possession of the property and will pay all utilities and keep the property
maintained and in good repair.    

 

b.  Wife will pay the mortgage payments as they
become due.

 

c.  Wife will pay the insurance premiums and ad valorem taxes as they come due.  

 

On the sale,
the net sales proceeds will be divided fifty percent to Wife and fifty percent
to Husband.

 

* * * 

 

18.  THIS AGREEMENT IS NOT SUBJECT TO
REVOCATION.








We hold that
the trial court did not abuse its discretion in denying appellant=s oral motion
for reimbursement.  We note that
appellant did not allege a claim for reimbursement in any of the pleadings
filed with the court.  A pleading, by
definition, determines the issues to be tried. 
Erisman v. Thompson, 140 Tex.
361, 167 S.W.2d 731, 733 (Tex. 1943). 
The claim was not properly before the court.  








Even if the
issue was properly before the trial court, appellant did not overcome the
presumption that the funds used to pay the mortgage were community property
funds.  There is a presumption in the
family code that property possessed by either spouse during or on dissolution
of the marriage is presumed to be community property.  Tex.
Fam. Code Ann. ' 3.003(a) (Vernon 1998).  Debts, including mortgages, contracted during
the marriage are presumed to be community debts, absent a showing that the
creditor did not look to both spouses for satisfaction of the debt.  Cockerham
v. Cockerham, 527 S.W.2d 162, 171 (Tex. 1975).  Payment of community debts will be
presumed to have been made with community property funds, absent a showing that
the expenditure was made with one party=s separate
property.  McCann v. McCann, 22 S.W.3d
21, 23 (Tex. App.BHouston [14th
Dist.] 2000, pet. denied).  Thus, at the
time of the June hearing, the presumption existed that the mortgage payments
were made with community funds. 
Appellant, as the party seeking reimbursement, had the burden to
overcome that presumption.  Hardee v.
Vincent, 136 Tex. 99, 147 S.W.2d 1072, 1074 (Tex. 1941).  The presumption may be overcome by presenting
clear and convincing evidence that the property was separate.  Tex.
Fam. Code Ann. ' 3.003(b)(Vernon 1998).   Appellant, as the party bringing a claim for
reimbursement, did not rebut this presumption, and failed to overcome it by
presenting evidence indicating that his separate funds were used instead.  Thus, appellant merely used community funds
to pay a community debt owed on community property.[5]    

Moreover,
appellant, as the party claiming the right of reimbursement, had the burden of
proof.  Jensen v. Jensen, 665
S.W.2d 107, 110 (Tex. 1984); Vallone v. Vallone, 644 S.W.2d 455, 459 (Tex. 1982).  Appellant adduced no evidence to support his
claim for reimbursement.  At the final
hearing, the parties announced an agreement had been reached.  Appellee=s counsel
proved up the jurisdictional requirements of the divorce action and the
substance of the parties= agreement,
separate from the mediated settlement agreement, as well as the mediated
settlement agreement itself.  Appellant
did not raise a claim for reimbursement at that time and  did not adduce evidence of his entitlement to
the same before the trial court pronounced judgment.  Rather, the first time the reimbursement
claim was raised was at the hearing on appellee=s motion to
enter judgment, after the final evidentiary hearing.  As no evidence was adduced to support the
reimbursement claim, either at the final hearing or at the subsequent hearing,
appellant failed to meet his burden of proof.








Further, even
assuming that appellant preserved error, nothing in the parties= mediated
settlement agreement addresses a right of reimbursement.  The agreement met the requirements of section
6.602 of the family code, which states:

(b) A mediated
settlement agreement is binding on the parties if the agreement:

 

(1) provides,
in a prominently displayed statement that is in boldfaced type or capital letters
or underlined, that the agreement is not subject to revocation; 

 

(2)  is signed by each party to the agreement;
and,

 

(3) is signed
by the party=s attorney, if
any, who is present at the time the agreement is signed.  

 

(c) If a
mediated settlement agreement meets the requirements of this section, a party
is entitled to judgment on the mediated settlement agreement notwithstanding
Rule 11, Texas Rules of Civil Procedure, or another rule of law.

 

Tex. Fam. Code
Ann. ' 6.602 (Vernon Supp. 2002).

 

Under section
6.602(c), the trial court was required to enter a judgment if the court found
that the agreement met the requirements of section 6.602(b).  Tex.
Fam. Code Ann. ' 6.602(c) (Vernon
Supp. 2002). A mediated settlement agreement complying with sections 6.602(b)
and (c) is binding and a party to such an agreement is entitled to a
judgment.  Alvarez v. Reiser, 958 S.W.2d 232, 234 (Tex. App.BEastland 1997,
pet. denied) (discussing the same language found in family code section
153.0071).   At the conclusion of the
final hearing on the merits, the trial court pronounced judgment:








Court will
approve the agreement of the parties that has been recited on the record and
agreed to by both parties.  Court will
also adopt the mediated settlement agreement. 
Court will render judgment B first of all
grant the divorce, render judgment on the agreement, on the mediated settlement
and on the divorce.  It is final.  It is over. 


 

The trial court
complied with section 6.602(c) by entering a judgment on the mediated
settlement agreement. The divorce decree stated in relevant part: 

IT IS FURTHER
ORDERED AND DECREED that the property and all improvements located thereon at .
. . 1330 Ray Drive, Corpus Christi, County, Texas, shall be sold under the
following terms and conditions:

 

1.       Petitioner shall continue to make all
payments of principal, interest, taxes, and insurance on the property for six
months or until the residence is sold and during the pendency
of the sale. Petitioner shall have the exclusive right to enjoy the use and
possession of the premises until closing. 
All maintenance and repairs necessary to keep the property in its present
condition shall be paid by Petitioner.  

 

2.       Once
the property is sold, IT IS ORDERED that Respondent shall receive $10,000 out
of the net sales proceeds and the remaining balance shall be divided among the
parties equally.[6]  

 

The additional
agreement, approved and reduced to judgment, did not change the substance of
the mediated settlement agreement.   We
hold that the trial court did not abuse its discretion in denying
reimbursement.[7]  








Conclusion      

          We
overrule appellant=s sole issue
and affirm the judgment of the trial court.                                                       

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 13th day of June, 2002.

 











[1]
A child was born of the marriage, but by the time of the final hearing, she had
reached the age of eighteen.  





[2]  Appellant cited
section 154.071 of the civil practice and remedies code and sections
153.0071(d) and (e) of the family code. See Tex. Civ. Prac. & Rem. Code Ann. '154.071
(Vernon 1997); Tex. Fam. Code Ann.
''153.0071(d)
& (e)(Vernon Supp. 2002).





[3]
Appellant filed a Motion for Judgment Conforming to AMediated
Settlement Agreement,@ in which he
stated that the agreement met all the requirements of section 6.602.  Tex.
Fam. Code Ann.'6.602
(Vernon Supp. 2002).





[4] The
trial court noted that A. . . the
property that is not included in the settlement agreement is part of the
marital property that needs to be divided.@
In effect, the trial court approved the mediated settlement agreement and a
separate Rule 11 agreement.  Tex. R. Civ. P. 11.





[5] This
comports with paragraph 7 of the agreement, which states that each Aparty
shall pay one-half of the community debts owed by the parties except any debt
owed on the vehicles owned by the parties. 
The parties shall determine within fifteen days of the date of this
agreement, which debts are to be assumed by each party.@  As to the Ray Drive property, the same
paragraph provides, AThe parties
have agreed not to incur or accept the home equity loan they applied for, on
the Ray Street property, and neither party shall incur any further indebtedness
on the Ray Street property.@  Inasmuch as the Final Decree of Divorce and
all the other documents relevant to this case refer to property located at 1330
Ray Drive and do not make mention of Ray Street, it is clear that
the Ray Street property mentioned in the agreement is the property actually
located on Ray Drive.





[6] The
second provision was part of the parties=
Rule 11 agreement approved by the trial court at the final hearing.





[7]
We note also that the mediated settlement agreement addressed disputes arising
from the agreement itself:

 

13.  Disputes Regarding This Agreement

 

If
any dispute arises with regard to the interpretation or performance of this
agreement, or any of its provisions, including the necessity and form of
closing documents, the parties agree to try to resolve the dispute by phone
conference with the mediator who facilitated this settlement.  Any disputes regarding drafting shall be
resolved whenever possible by reference to the Texas Family Law Practice
Manual.  (2d ed.).    

The
record is silent, however, as to efforts, if any, made to enforce the provision
prior to final judgment.