### COATES v. BOCKSTEIN et al.

### No. 2318.

Court of Civil Appeals of Texas. Eastland.

Jan. 8, 1943.

Floyd Jones, of Breckenridge, for appellant.

Robert E. Grantham, of Cisco, for appellees.

LESLIE, Chief Justice.

This is an appeal by Lee Coates from an order overruling a plea of privilege to be sued in Stephens County.

Harry Bockstein and others, trading as the West Texas Produce Company, located at Cisco, Texas, sued said Coates on a verified account for merchandise purchased by the Coates Grocery and Market, located in Breckenridge, Stephens County, Texas.

Appellees, plaintiffs below, alleged that during the months of July, August and September, 1941, at the special instance and request of Lee Coates they sold and delivered to him certain merchandise, in consideration of which he promised and agreed to pay the several sums of money charged therefor and amounting to $251.-82. In the alternative, recovery of said amount was sought as the reasonable value of the goods.

Appellees alleged the goods were sold to appellant under the firm name of "Coates Grocery and Market." That they became part of the merchandise on hand and daily exposed to sale by the Coates Grocery and Market. That the proceeds of the goods sold became the community property of appellant and his wife, Ethel Coates. That for several years past they had been selling merchandise to the appellant on credit, and that appellant, doing business in said trade name, would currently pay appellees for the merchandise with money received from the sale of such merchandise previously so purchased and sold.

The appellees also alleged that upon each delivery of merchandise "Appellant, or some agent, employee or servant" of his signed an invoice or writing acknowledging receipt of the goods and further stipulating "by the acceptance of this merchandise, I, (we) or either of us agree that this invoice, as well as any previous and subsequent invoices, are payable at Cisco, Texas." That by such promise and agreement the appellant bound himself to pay appellees for said merchandise at Cisco, Eastland County, Texas.

So much for the general allegations of the cause of action. The appellant filed his plea of privilege to be sued in Stephens County, and the appellees controverted the same, seeking to hold venue in Eastland County under the terms of the contract, and Exception 5 to the general venue statute, Art. 1995, Vernon's Ann. Civ.St. The appellees' original petition

setting up the foregoing matters was made part of the controverting affidavit and the allegations that the contract or invoices were in writing, stipulating for performance in Eastland County, were repeated.

In response to appellees' controverting affidavit the appellant filed what he designates as his "First Supplemental Plea of Privilege" in which various exceptions were urged, a general denial made, as well as affirmative allegations that the account in suit was neither just nor true in whole or in part. The appellant Coates denied he ever purchased any of said merchandise, or that he ever operated the Coates Grocery and Market and never owned any interest in the same.

He further alleged that the Coates Grocery and Market and the fixtures and accessories thereof were at all times the separate property of his wife, Ethel Coates. That she owned and operated such business before their marriage, about 10 years prior to that time, and that she had continued after their marriage to own and operate the store.

Appellant further alleged that appellees were estopped to assert any liability against him individually for said merchandise, since they had been selling goods to his wife for about 18 years and knew and recognized that she was owner of the same and solely responsible for its obligations, etc. In said supplemental plea, appellant also called attention to Art. 1985 of the Revised Statutes of 1925 and suggested or asserted that he (the husband) could only be joined in such suit for the separate debts and demands against his wife, and that no personal judgment could in any event be rendered against him. That his wife had not been made a party to this suit, etc.

In part the agreed statement of facts discloses:

(1) That the Coates Grocery and Market purchased the goods and owes for same the amount claimed by plaintiff.

(2) "Defendant, Lee Coates, stated that practically all the money received by Coates Grocery and Market from the sale of merchandise was deposited in the First National Bank of Breckenridge to the credit of Coates Grocery and Market, and that his wife, Ethel Coates, paid for merchandise bought on credit by checks drawn on the account. He further testified that he some time wrote checks on that account which were paid in payment of cattle purchased by him for the Coates Grocery and Market, and that he worked in the store two or three hours a day, three or four days a week."

(3) "Ethel Coates further testified that practically all merchandise bought by Coates Grocery and Market was purchased on credit and later paid for by checks signed by her drawn on the account of Coates Grocery and Market in the First National Bank of Breckenridge, Texas; and that Defendant, Lee Coates, wrote some checks on the account which were paid in the payment of cattle purchased by him for Coates Grocery and Market."

H. C. Henderson, a salesman for Hartnett Grocery Company, testified in part, "that the Defendant, Lee Coates, frequently sold merchandise to consumers entering the store, prepared their orders and delivered them to the customer at the store or at their residences."

The testimony is somewhat lengthy and discloses that Coates and his wife had been married about 10 years; that during that time the wife had in the main looked after said mercantile business. From time to time the goods were purchased on credit and with the exception of the amount in suit, the stock was replenished and paid for from funds derived from the business. Although the wife was engaged in the business when she married Coates the evidence does not reflect any particular item or sum definitely belonging to her, as separate property and going into the business and retaining its identity through the many years the grocery business was in operation.

What has been said doubtless pertains more to the merits of the case when developed on final trial than to the issues properly arising on the venue question presented by this appeal. The trial on the merits will disclose the materiality and nature of the business, as well as liability, if any, of the appellant for the debt in suit.

As to presumptions arising from the acquisition of property by either spouse during marriage and the burden of showing its separate nature, attention is directed to Speer on the Law of Marital Rights in Texas, page 369, Section 298 (3rd Edition) which in part reads as follows: "It will be borne in mind that the presumption of the common character of property acquired by either spouse during marriage is very strong, and can be over-

come only by clear and convincing proof that it belongs to one or the other of them, and that the burden of proving its separate character is always upon him who asserts it. * * * If it has undergone changes and mutations, she (or he) must be able to follow it through all these and establish its identity."

In a very recent case in which the husband denied ownership of any interest in a mercantile business claimed and conducted by his wife for a much shorter period of time, under circumstances in substance the same as those here involved, our Supreme Court held in part in Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072, 1073, as follows:

"The proof shows that dry goods and fixtures were purchased on a credit and paid for with funds out of the business; that groceries were bought and paid for with cash out of the business. Whether the cash paid for the merchandise and fixtures came out of the capital investment or profits of the business does not appear.

"The testimony of Vincent, to wit: that 'he did not claim any interest in the business' and that 'it belonged to his wife', cannot be given the legal effect of rebutting the presumption of community property for the reason that profits derived from the wife's separate estate during marriage belong to the community estate of the husband and wife. Epperson case [Epperson v. Jones, 65 Tex. 425], supra."

However, as stated, we are not here concerned with the merits of the main case. At this stage of the litigation it merely becomes necessary to make proper application of the law of venue to the venue facts before us. By such facts it is clearly established that the purchases of said goods were evidenced by written invoices, at least five of which were signed in person by the appellant. These invoices were broad but specific in terms and were not only payable in Cisco, Eastland County, Texas, but contracted to pay all prior and subsequent invoices at said point.

Exception 5 is the venue statute invoked and under the facts established fixes the venue of the cause in Eastland County. Berry v. Pierce Petroleum Company, 120 Tex. 452, 39 S.W.2d 824; Brison v. Continental Oil Company, Tex.Civ.App., 48 S.W.2d 442; Borschow v. Waples-Platter Grocery Company, Tex.Civ.App., 223 S. W. 872.

The trial court did not err in so holding. All assignments of error and authorities cited in support of them have been duly considered and are overruled. The judgment of the trial court is affirmed.