## OLMSTEAD v. PLAINSMAN LIQUID INSECTICIDES, Inc.

### No. 6292.

Court of Civil Appeals of Texas. Amarillo.
June 15, 1953.

No attorney appearing for appellant.

LaFont & Tudor and P. B. Randolph, Plainview, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of an original suit filed by appellee, Plainsman Liquid Insecticides, a corporation, against appellant, V. L. Olmstead, seeking a recovery of an alleged balance of $800 due appellee by appellant on an original account of $4980. Appellant filed his plea of privilege seeking a change of venue to Gaines County, Texas, where he resided. Appellee timely controverted appellant's plea of privilege, alleging venue in Hale County under the provisions of Section 5 of Article 1995, Vernon's Annotated Civil Statutes, authorizing suit to be filed in the county where a written contract is performable. The venue action was heard by the trial court without a jury and judgment was rendered overruling the plea of privilege from which judgment an appeal was perfected.

The record reveals that appellee sold merchandise by order to appellant and shipped the same to appellant as evidenced by two invoices of date July 28, 1952, for the total sum of $2480 and of date August 13, 1952, for the total sum of $2500, making a grand total sum of $4980; that appellant received the goods and paid appellee therefor except for a balance of $800; that the first invoice bore the signature of acceptance of Wm. M. Lewis, an employee of appellant, and the other invoice bore the signature of acceptance of appellant himself; and that both invoices contain the provision that all accounts are due and payable at Plainview, Texas, which place is known to be the county seat of Hale County.

Appellant has attacked the form of the two invoices in question because they each show the name "Plainsman Supply Com-

pany" at the top thereof and not the name of appellee "Plainsman Liquid Insecticides". Appellant concedes that the form of each executed instrument is sufficient on its face to constitute a contract performable in Plainview, Hale County, Texas, except for the misnomer in the name used.

The record reveals that appellee pleaded and proved that appellee and Plainsman Supply Company composed a partnership selling liquid and dusting insecticides and using the latter name of Plainsman Supply Company until April 1, 1952, when the partnership was dissolved and in lieu thereof five new and separate entities were established and incorporated with appellee being one of·them; that neither of the new organizations took the name "Plainsman Supply Company" and no such company by that name thereafter existed, but that appellee continued to use the old blank invoice forms with "Plainsman Supply Company" printed at the top thereof until new blank forms could be prepared for its use. The record further reveals that appellant knew about the business changes made and knew he purchased the merchandise from appellee and that such goods were invoiced directly to him, were received by him and were paid for by him except for the balance of $800 due.

■ Appellee contends that by reason of its pleadings and proof to the effect that the titular heading of the invoice did not deceive or mislead in any way appellant who knew with whom he was dealing and under what terms his dealings were being made, his contentions are without merit. The question here raised by appellant is, in effect, a question of ownership of the balance of the account due or the lack of ownership thereof. Under the record presented appellant had fully recognized appellee as the owner of the account. It has been held that ownership of such a claim and its validity are matters to be determined on the merits of the action and an inquiry into·such matters has no place in determining the·question of venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810. Under the record presented and ·the

authorities cited, we find no prejudicial error reflected by the use of the invoice with the titular heading of "Plainsman Supply Company" when it was well known by appellant that no such company existed at the time of the transactions and it was likewise well known by appellant that the transactions were had with appellee. Appellant's points to the contrary are therefore overruled.

■ Appellant further complains because the trial court permitted appellee to file a trial amendment during the procedure of the trial. Such was discretionary with the trial court and no error is shown as a result thereof. Continental Fire & Casualty Ins. Corporation v. Whitlock, Tex.Civ.App., 215 S.W.2d 657.

■ Appellant likewise charges that no proof was offered showing authority of Wm. M. Lewis to bind appellant by signing one of the invoices. There was proof to the effect that Lewis was an employee of appellant, who himself signed the other invoice and accepted all of the goods shipped as a result of both invoices, used the goods and paid for them except for the balance of $800 due. It therefore appears from the record that appellant approved and ratified the act of Lewis in signing the invoice and accepting the merchandise shipped to appellant by appellee. Coates v. Bockstein, Tex.Civ.App., 168 S.W.2d 876.

■ Appellant further complains that the trial court erred in failing to require appellee to make proof of its legal right to transact business in Texas as a foreign corporation and as pleaded by it. Under the provisions of Rules 86 and 93, Texas Rules of Civil Procedure, appellee was not required to make such proof unless appellant denied under oath in some form of writing that appellee had such a right. No such denial was made by appellant and appellee was not therefore required to make such proof.

An examination of the record reveals no reversible error. The judgment of the trial court is therefore affirmed.