**Austin F. DREXLER, Appellant,**

v.

**BRYAN BUILDING PRODUCTS COMPANY, Appellee.**

No. 4193.

Court of Civil Appeals of Texas.

Waco.

Dec. 26, 1963.

Rehearing Denied Jan. 16, 1964.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, for appellant.

W. C. Davis, Bryan, for appellee.

WILSON, Justice.

Appellant's plea of privilege in appellee's action for debt was overruled after a non-jury hearing. Appellee's controverting plea asserted venue in the county of suit under subdivision 5, Art. 1995, Vernon's Ann.Tex. Stats., alleging appellant had contracted in writing to pay in that county for merchandise furnished. Appellant pleaded non est factum in its plea of privilege.

The gist of appellant's points is (1) that since the parties had originally entered into a written purchase and sale contract, appellee was precluded from showing a subsequent and additional written agreement on which he relied; (2) that delivery receipts or invoices alleged to constitute the subsequent written contract were signed without authority; (3) that the signed receipts introduced were not the best evidence; (4) that the delivery receipts did not constitute a written contract to perform an obligation, but were merely acknowledgments of receipt of goods. We affirm.

Appellant delivered to appellee a signed purchase order for merchandise written on appellant's printed form. It was accepted in writing by appellee. It provided appellant would make payment within a specified time, and that "all matters pertaining to this purchase order are to be handled only through A. F. Drexler or Marvin Bishop". The purchase order contained the printed instruction to appellee: "Mark terms on each invoice." Thereafter appellee delivered merchandise, which appellee contends was included in the purchase order. Appellant used the material in a construction project. At the time of delivery to the site designated appellee presented a copy of invoices which included delivery receipts written on appellee's printed form, to appellant's job superintendent, who signed them. The invoices so signed contained a printed provision that "payment for goods sold herein shall be made in our office at Bryan, Brazos County, Texas", and that venue on suit for non-payment should lie in that county. Following this were the words, "Received in good condition", and the superintendent's signature.

■ Invoices signed by the buyer, reciting payment is to be made in a county expressly named, are contracts in writing within subdivision 5. Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115; Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824; Burtis v. Butler Bros., 148 Tex. 453, 226 S.W.2d 825; Brison v. Continental Oil Co., Tex.Civ.App., 48 S.W. 2d 442, writ ref.

■ Appellant's contention that "original" invoices retained in appellee's file are the best evidence and the signed "acceptance copies" containing identical provisions are secondary, overlooks the fact that the "originals" are not signed. Appellee's testimony was that identical copies of the "original" invoices were sent to appellant, and Drexler admitted receiving copies of the invoices sent to his office, in accordance with the purchase order provisions. These contained the same recited terms as to place of payment. The objection that the signed copies are not the best evidence is untenable.

■ The argument that the original purchase order was a written agreement which made the subsequent invoices inadmissible as a contract in writing is rejected for two reasons: Parties to a written contract may modify it by making additions thereto. E. H. Perry & Co. v. Langbehn, 113 Tex. 72, 252 S.W. 472, 475; Marcus v. Armer, 117 Tex. 368, 5 S.W.2d 960, 60 A.L.R. 672. The purchase order agreement expressly authorized and directed appellee to "mark terms on each invoice". By accepting, retaining and using the material after receipt of the invoice by Drexler containing the terms as to place of payment, under this direction, Drexler adopted,

accepted and ratified the provision as to place of payment which was thereby merged with the original purchase order as a contract in writing. Olmstead v. Plainsman Liquid Insecticides, Tex.Civ.App., 259 S.W. 2d 783; 37–A Tex.Jur. p. 196.

By its proof, appellee adequately established the necessary venue facts. It is not necessary, therefore, to decide directly the question as to whether the signing of the invoices or delivery receipts by appellant's job superintendent was authorized or effective in the light of the purchase order restriction concerning matters to be "handled" through Drexler and Bishop.

Affirmed.