KIMBELL, INC., a corporation, d/b/a
Kimbell Lubbock Company, Appellant,

v.

Joe W. BAKER, Individually and d/b/a
Baker Food Store, Appellee.

No. 17618.

Court of Civil Appeals of Texas,
Fort Worth.

May 16, 1975.

Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, and R. C. Holloway, Fort Worth, for appellant.

Frederick P. Durant, Plainview, for appellee.

## OPINION

BREWSTER, Justice.

This is a venue matter.

The case was an action on a sworn account brought by the plaintiff, Kimbell, Inc., against the defendant, Joe W. Baker. The action was based on three sets of invoices. One of the invoices in the first group was issued by the plaintiff direct to the defendant each time the plaintiff sold and delivered a bill of groceries to defendant at his grocery store. Nearly all of the invoices in this group bore the signature of an employee of defendant who signed the invoice at the time plaintiff's employees delivered to defendant's store the groceries listed on that invoice. On the face of each of those signed invoices in that first group was written an agreement by the buyer to pay the seller at his office in Tarrant County, Texas, for such merchandise.

The second group of invoices were issued by Bell Dairy Products, Inc. to defendant in connection with dairy products allegedly delivered to defendant by Bell Dairy Products, Inc. These invoices did not contain an agreement as to where they were to be paid.

The third group of invoices were issued by Mrs. Baird's Bakeries direct to defendant each time they delivered bakery products to defendant. None of this group of invoices had an agreement thereon as to where they were to be paid.

Plaintiff's sworn account was composed of allegedly unpaid items from all three of these groups of invoices. A large part of the account sued on was composed of items from the first described set of invoices, on which the defendant, in writing, agreed to pay for the items thereon described in Tarrant County. The suit was therefore brought in part by reason of the written obligation contained in the first group of invoices on which defendant had, through his employees, agreed to pay for the groceries he bought in Tarrant County.

Plaintiff contended that it purchased from the dairy and bakery the goods that are listed on the second and third groups of invoices, and that it paid the bakery and dairy for such items at the time they were delivered by the bakery and dairy to the defendant. Plaintiff then billed the defendant for that merchandise. It claimed these were handled that way by virtue of an agreement between plaintiff and defendant. This is plaintiff's theory as to why it contends that defendant is liable to it for the amount of the invoices sued on that compose the second and third groups of invoices listed above.

The defendant filed a plea of privilege to be sued in Hale County where he lived. In its controverting plea, plaintiff had alleged the contracts in writing on the grocery invoices (the first described group) whereon the defendant had agreed to pay for those groceries in Tarrant County, and contended that by reason of such written agreements it was entitled to keep venue of the entire suit against defendant in Tarrant County, Texas, under Subdivision 5 of Art. 1995, Vernon's Ann.Civ.St.

At the conclusion of the venue hearing the trial court rendered an order sustaining the plea of privilege to that part of the suit which concerned items allegedly sold to defendant that originated from Bell Dairies and Mrs. Baird's Bread. The court ordered that part of the case that involved those items transferred to the District Court of Hale County. In the same order the court overruled defendant's plea of privilege as to that part of the case that concerns the items allegedly sold defendant by plaintiff, as reflected on the plaintiff's own invoices. The effect of the court's action was to sever a part of the case and

transfer it to Hale County and keep the other part in the Tarrant County Court.

This appeal is by the plaintiff from only that part of the Court's order that sustained defendant's plea of privilege as to a part of the case sued on and ordered it transferred to Hale County.

We reverse the trial court's decree sustaining defendant's plea of privilege as to a part of the case and ordering it transferred to Hale County, and here render judgment decreeing that defendant's entire plea of privilege be overruled.

A plaintiff seeking to sustain venue in the county of suit under Subd. 5 of Art. 1995, V.A.C.S., is not required to prove at the venue hearing that he has a cause of action against the defendant. All that he has to prove is that the defendant or his duly authorized agent has contracted in writing to perform the obligation involved in the county of suit. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S. W.2d 698 (1942, opn. adopted).

The plaintiff made this necessary proof at the venue hearing in so far as the part of the case involving the first group of invoices is concerned.

It is well settled that invoices signed by a buyer that recite therein that payment is to be made in a county expressly named are contracts in writing within the meaning of Subdivision 5. Drexler v. Bryan Building Products Company, 374 S. W.2d 806 (Waco, Tex.Civ.App., 1963, no writ hist.).

The defendant has made no complaint of the court's action in overruling the plea of privilege in so far as it pertains to that part of the case and there is no appeal from that part of the decree.

The venue of the plaintiff's action to recover on the first group of invoices listed above (the ones containing the agreement to pay for the items in Tarrant County) was in the county of suit by virtue of Subdivision 5, Art. 1995. The court so held and no one questioned that ruling. In order to avoid a multiplicity of suits, the plaintiff had the right to include in this same suit his action for a recovery on the second and third groups of invoices listed above. Many cases support this holding. Some of them are: Middlebrook v. David Bradley Manuf'g Co., 86 Tex. 706, 26 S.W. 935 (1894); Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890 (1927, opn. adp.); C. & S. Sporting Goods Co. v. Brady Ind. School Dist., 54 S.W.2d 1033 (Austin, Tex.Civ.App., 1932, no writ hist.); Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088 (1931); Eppenauer v. Hoffmann, 115 S.W.2d 478 (Eastland, Tex.Civ.App., 1938, no writ hist.), and Dickson v. Klett, 211 S.W.2d 381 (Galveston, Tex.Civ.App., 1948, mand. overr., wherein the point involved here is fully discussed).

The trial court's order does not reveal the reasons for his decision, but defendant's brief which he furnished to the trial court, although not a paper filed in the clerk's office, did some way get into the transcript and it reveals the argument advanced to the trial court in an effort to persuade him to rule the way that he did.

One such argument was that if plaintiff is the owner of the parts of the cause of action that arose out of defendant's purchase of dairy products and bakery products from Bell Dairy Products, Inc., and Mrs. Baird's Bakeries, it must necessarily have become the owner thereof by virtue of an assignment of the cause of action to it by Bell Dairy Products, Inc. and Mrs. Baird's Bakeries.

Defendant's argument continued that, since plaintiff became the owner of that part of its cause of action by an assignment of transfer, venue of that part of the case cannot be kept in Tarrant County because of the express provisions contained in Subdivision 4 of Art. 1995, V.A.C.S., which provides: "Defendants in different counties.—If two or more defendants re-

side in different counties, suit may be brought in any county where one of the defendants resides. *The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made.* " (Emphasis added.)

We disagree with that contention and hold that it is without merit. Here we have a single defendant, so no one contends that Subdivision 4 applies here.

In the case before us plaintiff seeks to maintain venue of the entire case in Tarrant County under Subdivision 5 only. The above italicized provisions of Subdivision 4 do not apply to the facts of this case, because they apply only in cases where it is sought to keep venue in the county of suit under Subdivision 4. A case so holding is Wolcott v. Hall, 111 S. W.2d 1140 (Eastland, Tex.Civ.App., 1937, no writ hist.). It follows that the trial court's ruling complained of here can not be upheld on the grounds that the quoted provisions of Subdivision 4, re assignments of choses in action, compelled that ruling.

The trial court's decree, in so far as it sustained defendant's plea of privilege to a part of plaintiff's case and ordered that part of plaintiff's case transferred to Hale County, is reversed and judgment is here rendered overruling the defendant's entire plea of privilege.