**Larue M. GANSEL, Appellant,**

v.

**AMARILLO HARDWARE COMPANY,**
**Appellee.**

**No. 9042.**

Court of Civil Appeals of Texas,
Amarillo.

Dec. 31, 1979.

Rehearing Denied Jan. 23, 1980.

Jimmy D. Oglesby, Midland, for appellant.

Stokes, Carnahan & Fields, Thomas D. Farris, Amarillo, for appellee.

DODSON, Justice.

In the venue phase of this action, Larue M. Gansel appeals from an order by the trial court overruling his plea of privilege. We affirm.

Amarillo Hardware Company instituted this action in Potter County, Texas against Riley Joe Lamm d/b/a Lamm Furniture and Appliance Company, A. H. Lamm, Sr. and Mr. Gansel. In the action Amarillo Hardware seeks to recover $35,324.39 upon a past due indebtedness incurred by Riley Joe and unconditionally guaranteed by A. H. Lamm, Sr. and Mr. Gansel. Riley Joe and A. H. Lamm, Sr. did not answer the action. Mr. Gansel answered and duly filed his plea of privilege to have the action against him transferred to Midland County, Texas, his place of residence. Amarillo Hardware filed its controverting affidavit relying upon subdivision 5(a) of article 1995, Texas Revised Civil Statutes Annotated. After a hearing, the trial court overruled his plea of privilege.

On appeal, Mr. Gansel maintains that the trial court erroneously overruled his plea of privilege because Amarillo Hardware failed to show that he contracted in writing to perform any obligation in the county of suit or in any definite place specified therein by such writing as required by subdivision 5(a) of article 1995. Nevertheless, Amarillo Hardware says the trial court properly overruled the plea of privilege notwithstanding the absence of a specific provision in the unconditional guaranty agreement stating Amarillo, Potter County, Texas as the place of payment of the indebtedness on the place of performance of the guaranty agreement.

In support of its position, Amarillo Hardware reasons that the indebtedness is evidenced by written invoices and bills of lading stating that the indebtedness is payable at Amarillo, Potter County, Texas; that the invoices and the bills of lading constitute the underlying agreement between Riley Joe Lamm and Amarillo Hardware; and that the written guaranty agreement executed by Mr. Gansel unconditionally obligates him to fulfill and perform all of the obligations of the underlying agreement including the venue obligations. We agree with Amarillo Hardware's position.

The evidence shows Riley Joe Lamm owned and operated a retail furniture and appliance store in Seminole, Texas. Amarillo Hardware is a wholesale distributor of furniture, appliances and other merchandise. Riley Joe desired to open a line of credit with and purchase furniture and appliances from Amarillo Hardware. As a condition precedent to the transaction, Amarillo Hardware required Riley Joe to provide two guarantors for the line of credit.

A. H. Lamm, Sr. and Mr. Gansel each executed and delivered written guaranty agreements to Amarillo Hardware. The guaranty agreement executed by Mr. Gansel is absolute and unconditional. Under the terms of this agreement, he is obligated in the event of default to pay any indebtedness and to perform any obligation arising from, created by or made in connection with the sale of goods to Riley Joe Lamm by Amarillo Hardware.

When, as here, the guarantor's contract is absolute and unconditional, then the guaranty contract includes the terms of the indebtedness and the obligation arising from, created by or made in connection with the sale of goods; and the absolute guaranty and the indebtedness and other obligations created in connection with the sale of goods may not be considered as "separate and distinct undertakings". *See Hopkins v. First National Bank,* 551 S.W.2d 343, 345 (Tex.1977). Thus, we must examine the terms of the indebtedness and the obligations created by Riley Joe Lamm in connection with the purchase of the goods from Amarillo Hardware.

The evidence shows that Amarillo Hardware sold and delivered merchandise to Riley Joe Lamm d/b/a Lamm Furniture and Appliance Company from 16 April 1975 to 15 March 1978. It is undisputed that Riley Joe Lamm received, accepted, retained and used the merchandise in his business. Each sale is evidenced by an invoice or a bill of lading providing for payment at Amarillo, Potter County, Texas. There are sixty-two bills of lading in evidence. Riley Joe signed fifteen of the bills of lading, A. H. Lamm signed twenty-eight and seven others were signed by "Worsham".

■ By accepting, retaining, and using the merchandise in his business after receiving the invoices and bills of lading, Riley Joe Lamm, adopted, accepted and ratified the provision contained therein as to place of payment, *i. e.,* at Amarillo, Potter County, Texas. *Drexler v. Bryan Building Products Co.,* 374 S.W.2d 806, 807–08 (Tex.Civ. App.—Waco 1963, no writ); *see Kimbell,* *Inc. v. Baker,* 523 S.W.2d 956, 958 (Tex.Civ. App.—Fort Worth 1975, no writ). Thus having executed the written, absolute and unconditional guaranty agreeing to pay the indebtedness and to perform any and all obligations incurred by Riley Joe Lamm arising from or made in connection with the sale of merchandise by Amarillo Hardware, Mr. Gansel thereby contracted in writing to perform the obligation of payment at Amarillo, Potter County, Texas.

In summary, Mr. Gansel's point of error is overruled. Accordingly, the order of the trial court overruling his plea of privilege is affirmed.