**R. B. TAYLOR and Gulf Oxygen Co., Appellant,**

v.

**ESCO ELEVATORS, INC., Appellee.**

No. 18472.

Court of Civil Appeals of Texas, Fort Worth.

April 2, 1981.

Thompson & Associates and Mark B. Collins, Houston, for appellant.

Pepper & Markward and Forrest Markward, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

R.B. Taylor, individually and Gulf Oxygen Company, a corporation, have appealed the trial court order which overruled their plea of privilege. Esco Elevators, Incorporated, had sued them both to recover money due for goods and services sold on the account of ABC Elevators, Incorporated, alleging Taylor and Gulf to be guarantors of the ABC account. ABC was bankrupt when the suit was filed. Esco's controverting plea was based on Tex.Rev.Civ.Stat. Ann. art. 1995, subd. 5(a) (1980).

We affirm.

We have to decide whether the letter of Taylor, President of Gulf written to "W.L. Bannister, Vice President, Esco Elevators, Inc., P.O. Box 445, Fort Worth, Texas 76101," on March 8, 1978 constituted "a contract in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein." Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 5(a) (1980).

The letter reads:
"March 8, 1978
"W.L. Bannister
Vice President
ESCO ELEVATORS, INC.
P.O. Box 445
Fort Worth, Texas 76101
"Dear Bill:
    "In reference to your letter dated March 3, 1978, the figures on ABC Elevators' account are seemingly correct. After my meeting this weekend for an update of ABC Elevators, I will be in touch with you the first part of next week to make a settlement of the account. My

personal guarantee still stands and this account will be taken care of. I appreciate your personal confidence in this matter.

"Sincerely yours,

"GULF OXYGEN CO.

"R.B. TAYLOR

"President

"RBT:pw"

Obviously, the R.B. Taylor-Gulf letter does not contain all the necessary ingredients in its four corners to show a contract in writing to perform an obligation in a particular county. Although we do not have the benefit of the March 3rd letter to tell us what it contained, Taylor, in his letter admits it had "figures on ABC Elevators' account" which were "seemingly correct".

Do the 39 invoices comprising Plaintiff's Exhibit number one add the necessary ingredients to show that R.B. Taylor and Gulf Oxygen Company were guarantors of an obligation which was to be performed in Fort Worth or Tarrant County, Texas? Thirty-two of them provide on their face: "all invoices payable at our offices in Fort Worth, Tarrant County, Texas." Four of them recite: "payable at Fort Worth, Texas." Three, which were billed by "Elevator Industries, Inc.," have no such provisions on them for place of payment.

In a venue case involving subd. 5(a) a plaintiff is not required to prove a cause of action. He only has to prove "that the defendant or his duly authorized agent has contracted in writing to perform the obligation of the suit." *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698 (Tex.Comm'n App. 1942, opinion adopted). *Kimbell Inc. v. Baker*, 523 S.W.2d 956 (Tex. Civ.App.—Fort Worth 1975, no writ).

We hold that the invoices above discussed taken with the testimony of Esco's comptroller that such invoices reflected the account of ABC with Esco, plus the March 8, letter from Taylor is sufficient evidence to hold venue in Tarrant County. *Gansel v. Amarillo Hardware Company*, 592 S.W.2d 435 (Tex.Civ.App.—Amarillo 1979, error dism'd). *Hopkins II v. First National Bank at Brownsville*, 551 S.W.2d 343 (Tex.1977).

Having considered the four points of error urged by Taylor and Gulf, we overrule them all.

Affirmed.